IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01080-PAB-SKC

DAWN GEIGER,

     Plaintiff,

v.

CHUBB INDEMNITY INSURANCE COMPANY,
GREAT NORTHERN INSURANCE COMPANY,
CHUBB LIMITED,
CHUBB GROUP,
CHUBB,
GREAT NORTHERN INSURANCE GROUP, d/b/a CHUBB,
FEDERAL INSURANCE COMPANY,
CHUBB INA HOLDINGS INC., and
CHUBB GROUP HOLDINGS INC.,

     Defendants.

---

### ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's Amended Complaint [Docket No. 22].

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des*

*Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in

addressing the issue only compounds the problem if, despite much time and expense

having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See*

*U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL

2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such

jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220,

1224 (10th Cir. 2004).  In the notice of removal, defendant Chubb Indemnity Insurance

Company asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket

No. 1 at 1-2.  Pursuant to that section, "district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States."  28

U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state

citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th

Cir. 2006).  "To establish domicile in a particular state, a person must be physically

present in the state and intend to remain there."  *Id*. at 1260.  A corporation is deemed

to be a citizen of "every State and foreign state by which it has been incorporated and of

the State or foreign state where it has its principal place of business."  28 U.S.C.

§ 1332(c)(1).  Defendant Chubb Indemnity Insurance Company is a citizen of New York

because it is incorporated in and has a principal place of business in New York.  Docket

No. 1 at 2.  The notice of removal states that plaintiff Dawn Geiger is a "citizen of

2

Colorado," *see id.*, and Ms. Geiger filed a Rule 7.1 disclosure statement affirming that she is a citizen of Colorado.  Docket No. 14 at 1.  Accordingly, defendant Chubb Indemnity Insurance Company established the Court's jurisdiction as a threshold matter at the time of removal.  *See Radil*, 384 F.3d at 1124.

On May 24, 2023, Ms. Geiger filed an amended complaint adding eight new defendants.  Docket No. 22.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), there are no allegations in the amended complaint regarding the citizenship of the newly added defendants Great Northern Insurance Company, Chubb Limited, Chubb Group, Chubb, Great Northern Insurance Group, Federal Insurance Company, Chubb INA Holdings Inc., or Chubb Group Holdings Inc.  *See generally* Docket No. 22.  "[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court."  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see also* 28 U.S.C. § 1447(c).  Because there are no allegations regarding the citizenship of the newly added defendants in the amended complaint, the Court is unable to determine whether the Court has jurisdiction.  It is therefore

**ORDERED** that, on or before **July 7, 2023**, plaintiff Dawn Geiger shall show cause why there is diversity jurisdiction in this case.

DATED June 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

3