IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

    Plaintiff,

v.

CHUBB INDEMNITY INSURANCE COMPANY,
GREAT NORTHERN INSURANCE COMPANY,
CHUBB LIMITED,
CHUBB GROUP,
CHUBB,
GREAT NORTHERN INSURANCE GROUP d/b/a/ CHUBB,
FEDERAL INSURANCE COMPANY,
CHUBB INA HOLDINGS INC., and
CHUBB GROUP HOLDINGS INC.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Great Northern Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 40] and Improper Defendants' Motion to Dismiss Amended Complaint [Docket No. 41]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**I.     BACKGROUND**[1]

Plaintiff Dawn Geiger brings this case against defendants Chubb Indemnity Insurance Company ("Chubb Indemnity"); Great Northern Insurance Company ("Great

---

[1] The facts below are taken from plaintiff's amended complaint, Docket No. 22, and are presumed to be true for purposes of ruling on defendants' motions to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Northern"); Chubb Limited; Chubb Group; Chubb; Great Northern Insurance Group; Federal Insurance Company ("FIC"); Chubb INA Holdings, Inc. ("Chubb INA Holdings"); and Chubb Group Holdings, Inc. ("Chubb Group Holdings") (collectively, the "defendants").  Docket No. 22.  On December 8, 2018, Ms. Geiger was involved in a motor vehicle collision with Emma Roberts.  *Id*. at 2, ¶ 14.  Ms. Roberts is insured by defendants.  *Id*.

On April 27, 2020, Ms. Geiger sent a formal written request to defendants' registered agent, pursuant to Colo. Rev. Stat. § 10-3-1117(2)(a), to obtain a copy of Ms. Roberts' insurance policies.  *Id*. at 3, ¶¶ 19-21.  The registered agent, C T Corporation System, received the written request on April 27, 2020.  *Id*., ¶¶ 21-22.  On June 5, 2020, defendants provided information to plaintiff's counsel regarding one policy with bodily injury liability coverage.  *Id*., ¶ 24.  On August 26, 2022, defendants provided information regarding an umbrella policy that was in effect at the time of the subject collision.  *Id*., ¶ 25.

On April 7, 2023, Ms. Geiger filed the present lawsuit against defendant Chubb Indemnity in the District Court for Denver County, Colorado.  Docket No. 5 at 2.  On April 28, 2023, Chubb Indemnity removed the case to this Court.  Docket No. 1.  On May 24, 2023, Ms. Geiger filed an amended complaint, adding the following defendants: Great Northern, Chubb Limited, Chubb Group, Chubb, Great Northern Insurance Group, FIC, Chubb INA Holdings, and Chubb Group Holdings.  Docket No. 22.  Ms. Geiger asserts one claim against defendants, pursuant to Colo. Rev. Stat. § 10-3-1117, for failing to provide the required insurance policy disclosures within the statutory

timeframe.  *Id*. at 3, ¶¶ 23-29.  Ms. Geiger requests $82,000 in penalties, in addition to attorneys' fees and costs.  *Id*., ¶ 29.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to

3

dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. Documents Outside of the Complaint

Generally, a court should not consider evidence beyond the pleadings when ruling on a 12(b)(6) motion, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019), and if the court considers matters outside the complaint, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Waller*, 932 F.3d at 1282; *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (recognizing that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").  However, a court has "broad discretion in determining whether or not to accept materials beyond the pleadings."  *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).  When a court takes judicial notice of documents, it may do so only to "show their contents, not to

prove the truth of the matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

### III. ANALYSIS

#### A. *Colo. Rev. Stat. § 10-3-1117*

As of January 1, 2020, Colorado law requires that

> [e]ach insurer that provides or may provide commercial automobile or personal automobile liability insurance coverage to pay all or a portion of a pending or prospective claim shall provide to the claimant or the claimant's attorney via mail, facsimile, or electronic delivery, within thirty calendar days after receiving a written request from the claimant or the claimant's attorney, which request is sent to the insurer's registered agent, a statement setting forth the following information with regard to each known policy of insurance of the named insured, including excess or umbrella insurance, that is or may be relevant to the claim:
>
> (I) The name of the insurer;
> (II) The name of each insured party, as the name appears on the declarations page of the policy;
> (III) The limits of the liability coverage; and
> (IV) A copy of the policy.

Colo. Rev. Stat. § 10-3-1117(2)(a); *see also Fischer v. Allstate Fire & Cas. Ins. Co.*, No. 22-cv-02267-NYW-STV, 2023 WL 3464404, at *3 (D. Colo. May 15, 2023). "An insurer that violates this section is liable to the requesting claimant for damages in an amount of one hundred dollars per day, beginning on and including the thirty-first day following the receipt of the claimant's written request. The penalty accrues until the insurer provides the information required by this section." Colo. Rev. Stat. § 10-3-1117(3). An insurer that fails to make a disclosure is also liable for attorneys' fees and costs. *Id*.

Prior to the enactment of Colo. Rev. Stat. § 10-3-1117, "there was no statutory requirement that an insurer disclose its insured's policy information to a claimant." *Reynolds v. Great N. Ins. Co.*, 539 P.3d 930, 932 (Colo. App. 2023). Section 10-3-1117 "imposes an obligation on insurers to promptly disclose policy information to potential

claimants for the express purpose of creating 'transparency in the insurance claims process' by ensuring claimants access to 'accurate and reliable information about the amount of legal liability coverage available for a claim.'" *Id*. (quoting Colo. Rev. Stat. § 10-3-1101(2)).

### B. Great Northern's Motion to Dismiss

On June 9, 2023, Great Northern filed a motion to dismiss Ms. Geiger's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 40. On July 11, 2023, Ms. Geiger filed a response. Docket No. 58. On July 20, 2023, Great Northern filed a reply. Docket No. 61. Great Northern argues that the Court should dismiss Ms. Geiger's claim because (1) the claim is barred under the statute of limitations and (2) Ms. Geiger released any claim against Great Northern. Docket No. 40 at 1.[2]

---

[2] As an initial matter, Great Northern and Ms. Geiger request that the Court consider several documents outside the pleadings in ruling on the motion to dismiss. *See* Docket No. 40 at 4; Docket No. 58 at 2-3. First, Great Northern requests that the Court take judicial notice of (a) Ms. Geiger's complaint against Ms. Roberts in Denver County Court, Case No. 2021CV33413 (the "Roberts lawsuit"), Docket No. 40-1; (b) Ms. Roberts' initial disclosures in the Roberts lawsuit, Docket Nos. 40-2, 60-1; and (c) the settlement agreement in the Roberts lawsuit, Docket No. 40-3. Docket No. 40 at 4-5 & n.2. These exhibits are relevant to Great Northern's second argument that Ms. Geiger released any claim against Great Northern in the Roberts lawsuit settlement agreement. *See id*. at 11. However, the Court declines to take judicial notice of these documents because, as discussed below, the Court does not reach Great Northern's second argument.

Ms. Geiger attaches numerous exhibits to her response, including: (a) the Roberts lawsuit complaint, Docket No. 58-1; (b) Ms. Roberts' insurance policy documents, Docket Nos. 58-2, 58-3; (c) the Roberts lawsuit settlement agreement, Docket No. 58-4; and (d) Ms. Gieger's state court filings in this case, Docket Nos. 58-5, 58-6. *See* Docket No. 58 at 2-3. Ms. Geiger provides no argument as to how the Court may consider these documents. For example, Ms. Geiger does not argue that these documents are referred to in her complaint and central to her claims. *See Waller*, 932 F.3d at 1282. In its discretion, the Court declines to consider the materials because Ms. Geiger has failed to provide any explanation as to why the Court should consider these documents in ruling on a Rule 12(b)(6) motion. *See Lowe*, 143 F.3d at 1381.

6

The Court first considers Great Northern's argument that Ms. Geiger's claim is barred under the statute of limitations. *See id*. at 7-10. Great Northern asserts that claims under § 10-3-1117 are subject to a one-year statute of limitations pursuant to Colo. Rev. Stat. § 13-80-103(1)(d). *Id*. at 7-9. Great Northern argues that the cause of action for the penalty imposed by § 10-3-1117 accrues on the "thirty-first day after the insurer receives the written request for a copy of the policy." *Id*. at 9-10.[3] Great Northern asserts that, because Ms. Geiger served the statutory request on April 27, 2020, the cause of action accrued on May 28, 2020 and the one-year statute of limitations therefore expired on May 28, 2021. *Id*. at 10. Great Northern contends that Ms. Geiger's claim is barred because she filed the present lawsuit on April 7, 2023 and added Great Northern as a defendant on May 23, 2023. *Id*. at 6, 10, ¶¶ 7-8.

Ms. Geiger does not contest that claims under § 10-3-1117 are subject to a one-year statute of limitations pursuant to Colo. Rev. Stat. § 13-80-103(1)(d). *See* Docket No. 58 at 6 (stating that Colo. Rev. Stat. § 13-80-103(1)(d) "is clearly the only appropriate limitation as [Colo. Rev. Stat.] § 10-3-1117 unambiguously assesses a penalty"). However, Ms. Geiger argues that the cause of action does not accrue until "an insurer complies with the requirements of [Colo. Rev. Stat.] § 10-3-1117" and provides the policy to the claimant. *Id*. at 9.[4] Ms. Geiger alleges that Great Northern

---

[3] In support of its argument that the cause of action accrues on the thirty-first day, Great Northern cites the district court opinion in the *Reynolds* case, Docket No. 40 at 10 n.7 (citing Docket No. 40-4), which was affirmed by the Colorado Court of Appeals in a published opinion on September 7, 2023. *Reynolds*, 539 P.3d at 933.

[4] In support of this argument, Ms. Geiger cites *Fischer*, 2023 WL 3464404, at *1. Docket No. 58 at 8. Ms. Geiger argues that the court in *Fischer* denied the defendant's motion to dismiss where "Plaintiff filed suit 17 months after the penalty began to accrue." *Id*. However, *Fischer* is irrelevant to the issues in this case because the defendant in *Fischer* never raised a statute of limitations' defense at the motion to

7

complied with the statute when it provided Ms. Geiger a copy of the umbrella insurance policy on August 26, 2022.  *Id*. at 9, 12.  Accordingly, Ms. Geiger contends that her claim is timely.  *Id*. at 5.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"  *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

When analyzing claims arising under Colorado law in a diversity case, this Court "must follow the most recent decisions of the state's highest court," and if no such decisions exist, the Court "must attempt to predict what the state's highest court would do."  *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007).  In so doing, the Court "may seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law."  *Id*. at 666 (quotations and citations omitted); *see also Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1230 (10th Cir. 2000) ("[T]his court must follow any intermediate state court decision unless other authority convinces us that the state supreme court would decide otherwise." (quotation and alterations omitted)); *United States v. Badger*, 818 F.3d 563, 569 (10th Cir. 2016) ("precedential

---

dismiss stage.  *See generally Fischer*, 2023 WL 3464404, at *1-8.  Rather, the issue in *Fischer* involved whether the "registered-agent provision" of the statute was subject to waiver or estoppel.  *Id*. at *7.

decisions by a state's intermediate appellate courts" are "persuasive in the task of predicting state law").

The Court agrees with the parties that a one-year statute of limitations applies to claims under § 10-3-1117. Colo. Rev. Stat. § 13-80-103(1)(d) provides that "[a]ll actions for any penalty," regardless of "the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter." The Colorado Court of Appeals recently held that "section 10-3-1117 is an action for penalties" because the statute imposes a "penalty" of $100 per day until the insurer provides the required information and "the $100 per day penalty is imposed irrespective of any actual damages to the claimant." *Reynolds*, 539 P.3d at 932. As a result, "the one-year statute of limitations for penalties [in section 13-80-103(1)(d)] applies." *Id*.

The next issue is when Ms. Geiger's cause of action accrued. Pursuant to Colo. Rev. Stat. § 13-80-108(9), a "cause of action for penalties shall be deemed to accrue when the determination of overpayment or delinquency for which such penalties are assessed is no longer subject to appeal." There are no decisions from the Colorado Supreme Court interpreting when a cause of action accrues for a claim under § 10-3-1117. In a published opinion, the Colorado Court of Appeals recently held that "a cause of action requesting the penalty imposed by section 10-3-1117(3) accrues on the thirty-first day after the insurer receives the written request for information and a copy of the policy." *Reynolds*, 539 P.3d at 933. The Court of Appeals explained that the "determination of delinquency — here, not providing the insurance policy — is statutorily established as the thirty-first day after the written request is received by the insurer's

registered agent." *Id*. at 932 (citing Colo. Rev. Stat. § 10-3-1117(3)). The Court of Appeals found that "[t]he statute does not provide an appeal process to challenge the imposition or amount of the penalty — it is $100 per day, irrespective of the reasons for any delay." *Id*. Similar to Ms. Geiger, the plaintiff in *Reynolds* argued that a claim for penalties under § 10-3-1117 accrues the day after an insurer complies with a request. *See id*. at 933. The Court of Appeals rejected that statutory construction because "that day may never occur. Under Reynolds' construction, a noncompliant insurer could escape liability for penalties by never complying with a claimant's request, as the claim would not accrue, and therefore not exist." *Id*. The Court will follow *Reynolds*, holding that the claim accrues on the thirty-first day after the written request is received by the insurer's registered agent, because the Court has found no "other authority" convincing the Court that the Colorado Supreme Court "would decide otherwise." *See Koch*, 203 F.3d at 1230.[5] [6]

---

[5] Moreover, the Colorado Court of Appeals' decision in *Reynolds* is consistent with the statutory language that the General Assembly utilized in the accrual statute. *See* Colo. Rev. Stat. § 13-80-108. When interpreting a statute, a court's "primary objective is to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole." *Mook v. Bd. of Cnty. Commr's of Summit Cnty.*, 457 P.3d 568, 574 (Colo. 2020). Other causes of action, such as a cause of action for injury to persons or property, accrue on the date "both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *See* Colo. Rev. Stat. § 13-80-108(1). However, the General Assembly did not add a similar knowledge requirement for the accrual date for a cause of action for "penalties." *See* Colo. Rev. Stat. § 13-80-108(9).

[6] On September 22, 2023, Ms. Geiger filed an opposed motion for leave to file a sur-reply to Great Northern's motion to dismiss. Docket No. 71. Ms. Geiger requests an opportunity to address the Colorado Court of Appeals' recent decision in *Reynolds*, because that opinion did not exist at the time Ms. Geiger filed her responsive pleading, yet Great Northern cited *Reynolds* in its reply. *Id*. at 1-3, ¶¶ 1-2, 5, 8. Ms. Geiger attaches a copy of her proposed sur-reply, Docket No. 71-1, and states that her sur-reply "address[es] the new law in Colorado as it is distinguishable and inapplicable to the case." Docket No. 71 at 3, ¶ 8. Neither the Federal Rules of Civil Procedure nor

Here, defendants' registered agent for service of process received Ms. Geiger's request pursuant to § 10-3-1117(2)(a) on April 27, 2020. Docket No. 22 at 3, ¶¶ 20-22. The thirty-first day after defendants received Ms. Geiger's request was May 28, 2020. Ms. Geiger's claim therefore accrued on May 28, 2020. *See Reynolds*, 539 P.3d at 933. The applicable one-year statute of limitations expired on May 28, 2021. *See id*. Ms. Geiger filed the present lawsuit in the District Court for Denver County, Colorado on April 7, 2023. *See* Docket No. 5 at 2. Accordingly, the Court finds that Ms. Geiger's claim is barred by the statute of limitations.

Ms. Geiger makes no argument in her response that the statute of limitations should be tolled under the continuing violation doctrine or the equitable tolling doctrine. "Under the 'continuing violation' doctrine, if an employer has engaged in a series of unlawful acts over an extended period of time, a plaintiff may be allowed 'to get relief for

---

this District's Local Rules allow for sur-replies as a matter of right. *See Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 276 (D. Colo. 2022). Rather, "[g]ranting leave to file a surreply is part of the supervision of litigation and thus falls within the discretion of the district court." *Hartman v. Harrison Sch. Dist. Two*, No. 17-cv-01133-PAB-SKC, 2019 WL 142121, at *6 n.8 (D. Colo. Jan. 9, 2019). The district court "abuses its discretion only when it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013). The Court denies Ms. Geiger's motion for two reasons. First, "citing new cases to support legal theories already raised in a motion is permissible and does not warrant a surreply." *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020) (alterations omitted) (collecting cases). Great Northern's citation to *Reynolds* in its reply does not constitute a new legal argument because Great Northern already argued in its motion that the claim accrues on the thirty-first day after the insurer receives the written request. *See* Docket No. 40 at 9-10. Second, Ms. Geiger's proposed sur-reply goes well beyond its stated purpose of distinguishing the *Reynolds* case and raises new arguments regarding equitable tolling. *See* Docket No. 71-1 at 4-9, ¶¶ 9-19. Ms. Geiger had the opportunity to raise equitable tolling arguments in her response, but failed to do so. *See Hooks v. Ward*, 184 F.3d 1206, 1233 (10th Cir. 1999) ("arguments not raised in duly filed briefs are deemed waived"). Accordingly, the Court denies Ms. Geiger's request to file a sur-reply.

11

a time-barred act by linking it with an act that is within the limitation period.'" *Harmon v. Fred S. James & Co. of Colo., Inc.*, 899 P.2d 258, 261 (Colo. App. 1994) (quoting *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992)).  However, in *Reynolds*, the Colorado Court of Appeals "expressly decline[d] to apply the continuing violation doctrine" to claims under section 10-3-1117 because "[i]ts application has been limited to discrimination cases in Colorado." *Reynolds*, 539 P.3d at 933 (collecting cases).

In Colorado, "equitable tolling" of a statute of limitations "is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008) (quoting *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007)).  The doctrine of equitable tolling is "not favored."  *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007).  *Reynolds* did not address whether the equitable tolling doctrine could apply to claims under section 10-3-1117.  *See generally Reynolds*, 539 P.3d at 933.[7]  The Colorado Supreme Court has suggested that "a defendant's failure to provide information that he was under a statutory duty to disclose provide[s] an equitable basis for tolling the statute of limitations."  *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 854 (Colo. 1992) (citing *Strader v. Beneficial Fin. Co. of Aurora*, 551 P.2d 720, 724 (1976)).  However, the plaintiff bears the burden of establishing equitable tolling.  *Id.* at 855 ("Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled.").  Here, Ms.

---

[7] Moreover, the Court was unable to find any cases applying the equitable tolling doctrine to any other causes of action for a "penalty" under Colo. Rev. Stat. § 13-80-103(d).

Geiger makes no argument in her response to the motion to dismiss that the statute of limitations should be equitably tolled. The Court therefore declines to consider whether the statute of limitations should be equitably tolled for Ms. Geiger's claim.

As a result, the Court grants this portion of Great Northern's motion and dismisses Ms. Geiger's claim against Great Northern with prejudice because it is barred under the statute of limitations.[8]

### C. Chubb Indemnity, FIC, Chubb INA Holdings, and Chubb Group Holdings' Motion to Dismiss

On June 9, 2023, defendants Chubb Indemnity, FIC, Chubb INA Holdings, and Chubb Group Holdings (collectively, the "Other Chubb Entities") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 41. On July 11, 2023, Ms. Geiger filed a response. Docket No. 57. On July 20, 2023, the Other Chubb Entities filed a reply. Docket No. 63. The Other Chubb Entities argue that the Court should dismiss Ms. Geiger's claim because (1) the Other Chubb Entities are not proper parties since they did not issue insurance policies to Ms. Roberts; (2) Ms. Geiger's claim is barred under the statute of limitations; and (3) Ms. Geiger released any claim against Ms. Roberts' insurer. Docket No. 41 at 2-3.

#### 1) Proper Parties

The Other Chubb Entities argue that the Court should dismiss plaintiff's § 10-3-1117 claim because none of the Other Chubb Entities issued insurance policies to Ms. Roberts. *Id*. at 7. The Other Chubb Entities contend that § 10-3-1117 only applies to insurance companies that provide automobile insurance to the alleged tortfeasor. *Id*. at

---

[8] Accordingly, the Court declines to address Great Northern's second argument that Ms. Geiger released any claim against Great Northern. *See* Docket No. 40 at 11-12.

13

8.  The Other Chubb Entities request that the Court consider several documents outside the pleadings to establish that Ms. Roberts was only insured by Great Northern and that none of the Other Chubb Entities are proper parties. *See id*. at 4-7.

First, the Other Chubb Entities request that the Court take judicial notice of the Roberts lawsuit, Case No. 2021CV33413, in Denver District Court and Ms. Roberts' initial Rule 26 disclosures in that lawsuit. *See id*. at 5, ¶¶ 2-4 (citing Docket No. 41-1). The Other Chubb Entities argue that Ms. Roberts' Rule 26 disclosures state that she was insured by Great Northern. *Id*., ¶ 4.  When a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein." *Tal*, 453 F.3d at 1264 n.24.  The Court declines to take judicial notice of the Rule 26 disclosures because the Other Chubb Entities are attempting to introduce the disclosures for the truth of the matter, namely, that Ms. Roberts is only insured by Great Northern.  *See id*.

Furthermore, the Other Chubb Entities request that the Court consider Ms. Roberts' insurance identification card, listing Great Northern as her insurance company. Docket No. 41 at 6, ¶ 5 (citing Docket No. 41-2).  The Other Chubb Entities also request that the Court consider an "umbrella policy" coverage renewal summary. *Id*. (citing Docket No. 41-3).  The Other Chubb Entities argue that the Court may consider these documents because they are central to plaintiff's claim.  Docket No. 63 at 3.  The amended complaint does not reference Ms. Roberts' insurance identification card or an umbrella policy coverage renewal summary.  *See generally* Docket No. 22.  As a result, the Court will not consider the identification card or the renewal summary in ruling on the motion to dismiss.  *See Waller*, 932 F.3d at 1282-83 (noting that Tenth Circuit

precedent clearly states that the exception only applies to "documents referred to in the complaint"); *see also Irizarry v. City & Cnty. of Denver,* 661 F. Supp. 3d 1073, 1084 (D. Colo. 2023) (declining to consider probable cause statements at the motion to dismiss stage because the complaint did not reference the probable cause statements).[9]  In exercising its "broad discretion," the Court will not consider any materials beyond the pleadings in ruling on the Other Chubb Entities' Rule 12(b)(6) motion.  *See Lowe*, 143 F.3d at 1381.[10]

"Section 10-3-1117(2)(a) requires all motor vehicle insurers to disclose to prospective claimants a statement setting forth (1) the name of the insurer; (2) the name of the insured party; (3) the applicable liability limits; and (4) a copy of the policy for each known policy of the insured party that may be relevant to the claim."  *Reynolds*, 539 P.3d at 932.  The amended complaint states that, on December 8, 2018, Ms. Geiger was involved in a motor vehicle collision with Ms. Roberts.  Docket No. 22 at 2, ¶ 14.  Ms. Roberts is insured by defendants.  *Id*.  At the motion to dismiss stage, these

---

[9] In their reply, the Other Chubb Entities request that the Court consider two additional exhibits, namely, a "complete copy of the primary policy produced by Great Northern to Plaintiff" and "a complete copy of [the] umbrella policy documents produced in the [Roberts] Lawsuit."  *See* Docket No. 63 at 3 (citing Docket Nos. 63-1, 63-2).  The Other Chubb Entities argue that these exhibits are properly considered under the exception in *Waller* for documents referred to in the complaint.  *Id*.  The Court declines to consider these documents submitted in a reply because Ms. Geiger did not have an opportunity to contest the authenticity of the exhibits.  *See Waller*, 932 F.3d at 1282 (the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and *the parties do not dispute the documents' authenticity*" (emphasis added; citation omitted)).

[10] Ms. Geiger attaches numerous exhibits to her response, including the Roberts lawsuit complaint, information disclosed to plaintiff's counsel regarding Ms. Roberts' insurance policies, the settlement agreement and settlement check from the Roberts lawsuit, and numerous filings in this lawsuit.  *See* Docket Nos. 57-1 through 57-11.  Ms. Geiger provides no explanation as to how the Court can consider these documents.  *See* Docket No. 57.  Accordingly, the Court will not consider Ms. Geiger's exhibits.

allegations are sufficient to establish that the Other Chubb Entities issued relevant insurance policies to Ms. Roberts. Accordingly, the Court denies this portion of the Other Chubb Entities' motion.

### 2) Statute of Limitations

Alternatively, the Other Chubb Entities argue that Ms. Geiger's claim is barred under the statute of limitations. Docket No. 41 at 3, 10. The Other Chubb Entities join the statute of limitation arguments made by Great Northern in its motion to dismiss. *Id*. at 10. Ms. Geiger does not respond to this argument.

For the reasons discussed above, the Court finds that Ms. Geiger's claim against the Other Chubb Entities is barred by the statute of limitations. The applicable one-year statute of limitations expired on May 28, 2021. *See* Docket No. 22 at 3, ¶¶ 20-22; *Reynolds*, 539 P.3d at 933. Ms. Geiger filed the present lawsuit on April 7, 2023, after the running of the statute of limitations. *See* Docket No. 5 at 2. Accordingly, the Court grants this portion of the Other Chubb Entities' motion and dismisses Ms. Geiger's claim against the Other Chubb Entities with prejudice because the claim is barred by the statute of limitations.[11]

## IV.  OTHER PARTIES

The Other Chubb Entities state that defendants Chubb Group, Chubb, and Great Northern Insurance Group are "not legal entities with the capacity to sue or be sued." Docket No. 41 at 2 n.1. Ms. Geiger does not respond to this argument.

---

[11] Accordingly, the Court declines to address the Other Chubb Entities' third argument that Ms. Geiger released any claim against the Other Chubb Entities. *See* Docket No. 41 at 10.

16

On May 24, 2023, Ms. Geiger filed her amended complaint.  Docket No. 22.  On May 25, 2023, Ms. Geiger requested summonses for Chubb Group, Chubb, and Great Northern Insurance Group, *see* Docket Nos. 25, 29, 33, and the summonses were issued by the Clerk of the Court the next day.  See Docket No. 34.  There is no indication on the docket that Ms. Geiger has served these defendants.

Pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Tenth Circuit employs a two-part analysis for dismissals under Rule 4(m).  *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) (citing *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (unpublished); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).  The Court must first consider whether plaintiff has shown good cause for failing to effectuate service.  *Id*.  If plaintiff demonstrates good cause, then she is entitled to a mandatory extension of time.  *Id*.  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  The court may then, within its discretion, dismiss without prejudice or extend the time for service."  *Id*.  Accordingly, Ms. Geiger shall show cause, within 21 days of the entry of this order, why defendants Chubb Group, Chubb, and Great Northern Insurance Group should not be dismissed from this case pursuant to Fed. R. Civ. P. 4(m).[12]

---

[12] The Court notes that, although these defendants did not raise a statute of limitations defense because they have not been properly served, Ms. Geiger's claim

17

V.    CONCLUSION

It is therefore

**ORDERED** that Great Northern Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 40] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave of Court to File Plaintiff's Surreply to Great Northern Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 71] is **DENIED**.  It is further

**ORDERED** that the Improper Defendants' Motion to Dismiss Amended Complaint [Docket No. 41] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that plaintiff's claim is dismissed with prejudice against defendants Chubb Indemnity Insurance Company, Great Northern Insurance Company, Federal Insurance Company, Chubb INA Holdings Inc., and Chubb Group Holdings Inc.  It is further

**ORDERED** that defendants Chubb Indemnity Insurance Company, Great Northern Insurance Company, Federal Insurance Company, Chubb INA Holdings Inc., and Chubb Group Holdings Inc. are terminated from this case.  It is further

---

against these defendants would likely be barred under the statute of limitations for the same reasons discussed with respect to defendant Great Northern.

**ORDERED** that, within **21 days** of the entry of this Order, plaintiff shall show cause why defendants Chubb Group, Chubb, and Great Northern Insurance Group should not be dismissed from this case pursuant Fed. R. Civ. P. 4(m).  If plaintiff fails to show good cause by this deadline, then the Court may dismiss the claim against defendants Chubb Group, Chubb, and Great Northern Insurance Group without prejudice under Fed. R. Civ. P. 4(m).

DATED February 27, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge