IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

    Plaintiff,

v.

CHUBB INDEMNITY INSURANCE COMPANY,
GREAT NORTHERN INSURANCE COMPANY,
CHUBB LIMITED,
CHUBB GROUP,
CHUBB,
GREAT NORTHERN INSURANCE GROUP d/b/a/ CHUBB,
FEDERAL INSURANCE COMPANY,
CHUBB INA HOLDINGS INC., and
CHUBB GROUP HOLDINGS INC.,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on Defendant Chubb Limited's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction [Docket No. 66], filed pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff Dawn Geiger responded, Docket No. 68, and defendant Chubb Limited filed a reply. Docket No. 73. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

I.     BACKGROUND[1]

Ms. Geiger brings this case against defendants Chubb Indemnity Insurance Company ("Chubb Indemnity"); Great Northern Insurance Company ("Great Northern"); Chubb Limited; Chubb Group; Chubb; Great Northern Insurance Group; Federal Insurance Company ("FIC"); Chubb INA Holdings, Inc. ("Chubb INA Holdings"); and Chubb Group Holdings, Inc. ("Chubb Group Holdings") (collectively the "defendants"). Docket No. 22.  Great Northern is a subsidiary of Chubb Limited.  *Id*. at 2, ¶ 15.  Great Northern is a licensed insurance company doing business in Colorado.  *Id*. at 1, ¶ 3.

On December 8, 2018, Ms. Geiger was involved in a motor vehicle collision with Emma Roberts.  *Id*. at 2, ¶ 14.  On April 27, 2020, Ms. Geiger sent a formal written request to Ms. Roberts' insurer, pursuant to Colo. Rev. Stat. § 10-3-1117(2)(a), to obtain a copy of Ms. Roberts' insurance policies.  *Id*. at 3, ¶¶ 19-20.

On April 7, 2023, Ms. Geiger filed the present lawsuit against defendant Chubb Indemnity in the District Court for Denver County, Colorado.  Docket No. 5 at 2.  On April 28, 2023, Chubb Indemnity removed the case to this Court.  Docket No. 1.  On May 24, 2023, Ms. Geiger filed an amended complaint, adding the following defendants: Great Northern, Chubb Limited, Chubb Group, Chubb, Great Northern Insurance Group, FIC, Chubb INA Holdings, and Chubb Group Holdings.  Docket No. 22.  Ms. Geiger asserts one claim against defendants, pursuant to Colo. Rev. Stat. § 10-3-1117, for failing to provide the required insurance policy disclosures within the statutory

---

[1] These facts are taken from plaintiff's amended complaint, Docket No. 22, and are presumed to be true for the purposes of this order.

2

timeframe.  *Id*. at 3, ¶¶ 23-29.  Ms. Geiger requests $82,000 in penalties, in addition to attorneys' fees and costs.  *Id*., ¶ 29.

## II. LEGAL STANDARD[2]

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether the Court has personal jurisdiction over a defendant.  Plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  Plaintiff can satisfy her burden by making a *prima facie* showing.  *Dudnikov*, 514 F.3d at 1070.  A court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *Ditter v. Subaru Corp.*, No. 20-cv-02908-PAB-MEH, 2022 WL 889102, at *2 (D. Colo. Mar. 25, 2022) (citing *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further.  *Id*.

---

[2] The Tenth Circuit has noted that the extent of a plaintiff's burden to establish personal jurisdiction and the scope of a court's review "depend in part on the nature of the district court's response to defendants' motion seeking dismissal for lack of personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). "A district court has discretion to resolve such a motion in a variety of ways – including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself." *Id*. Here, neither party requests an evidentiary hearing; however, both parties submit evidence in support of their positions. The Court therefore will exercise its discretion to resolve Chubb Limited's motion based on the documents submitted by the parties. This decision dictates the standard of review applied. *Id*. at 1070. When, as here, personal jurisdiction is reviewed on the basis of the complaint and affidavits, the court "tak[es] as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–62 (2007)). "Similarly, any factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id*. (citing *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

However, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Tompkins v. Exec. Comm. of S. Baptist Convention*, 2015 WL 1568944, at *4 (D.N.M. Mar. 31, 2015), *aff'd sub nom*. *Tompkins v. Lifeway Christian Res. of the S. Baptist Convention*, 671 F. App'x 1034 (10th Cir. 2016) (unpublished) (quoting *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *AST Sports Sci.*, 514 F.3d at 1057; *see also Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Dudnikov*, 514 F.3d at 1070.

### III.   ANALYSIS

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005); *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021). Personal jurisdiction comports with due process

4

where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Ditter*, 2022 WL 889102, at *2.

Chubb Limited argues that it is not subject to general jurisdiction or specific jurisdiction in Colorado. Docket No. 66 at 7-14. In support of its argument, Chubb Limited submits an affidavit from Samantha Froud,[3] the Chief Administration Officer of Chubb Limited, Docket No. 66-1 at 1, ¶ 3, as well as Chubb Limited's Securities and Exchange Commission ("SEC") Form 10-K. Docket No. 66-3.

### A. General Jurisdiction

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state.

---

[3] Ms. Geiger argues that the Court cannot rely on Ms. Froud's affidavit because it was executed outside of the United States in Bermuda "with an illegible, foreign notarial seal" and "does not comply with the requirements of 28 U.S.C. § 1746." Docket No. 68 at 6. Section 1746 of Title 28 "authorizes parties to submit *unsworn* declarations *in lieu* of affidavits, provided that the declarations state that they are 'true and correct' and are made 'under the penalty of perjury,' among other things. But § 1746 does not apply to sworn affidavits." *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 687 (10th Cir. 2019) (unpublished) (citation omitted). Ms. Froud submitted a sworn affidavit, notarized in Bermuda by Notary Public, Karen E. King. Docket No. 66-1 at 3-4. Ms. Froud states that she "declare[s] under penalty of perjury that the foregoing is true and correct." *Id*. at 3, ¶ 24. The Court accordingly rejects plaintiff's argument. *See Vazirabadi*, 782 F. App'x at 687 ("regardless whether the notary's commission had expired, [the affiant] swore to the affidavit's contents 'upon oath,' and the district court properly considered it.").

*Id*.  A corporation is subject to general jurisdiction in "its place of incorporation and principal place of business."  *Id*.; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (for corporations, "the place of incorporation and principal place of business are 'paradigm bases for general jurisdiction.'" (citation and alterations omitted)).

Chubb Limited argues that it is not subject to general jurisdiction in Colorado because Chubb Limited is incorporated in Switzerland, with a principal place of business in Switzerland.  Docket No. 66 at 7; *see also* Docket No. 66-3 at 2 (Chubb Limited's SEC Form 10-K stating that Chubb Limited is a "Swiss-incorporated holding company," which is "headquartered in Zurich, Switzerland"); Docket No. 66-1 at 2, ¶ 5 (Ms. Froud's affidavit stating that "Chubb Ltd. is a Swiss holding company organized under the laws of Switzerland, with its principal place of business in Zurich, Switzerland").  Ms. Gieger does not contest Chubb Limited's evidence or argue that Chubb Limited is subject to general jurisdiction in Colorado.  The Court finds that Chubb Limited is not subject to general jurisdiction in Colorado because it is incorporated in and has a principal place of business in Switzerland.  *See* Docket No. 66-3 at 2; Docket No. 66-1 at 2, ¶ 5; *see also Ford Motor Co.*, 141 S. Ct. at 1024.

B. **Specific Jurisdiction**

Specific jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum."  *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal*., 582 U.S. 255, 262 (2017).  That is, "[a] plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts."  *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V*., 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)); *see also Hood*, 21

F.4th at 1221–22. In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)). The "common formulation of the rule demands that the suit 'arise out of or relate to the defendant's contacts with the forum.'" *Ford Motor Co.*, 141 S. Ct. at 1026 (quoting *Bristol-Myers*, 582 U.S. at 262). This rule does not require "proof of causation" between "a plaintiff's suit and a defendant's activities." *Id*. "Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078.

The specific jurisdiction analysis is two-fold. First, the Court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether plaintiff's claim arises out of or results from "actions by . . . defendant . . . that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted). "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Burger King*, 471 U.S. at 475); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (defendant

7

must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State"). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). "They must show that the defendant deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and alterations omitted)).

Second, if a defendant's actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 105. The court considers several factors as part of this analysis, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477; *see also Hood*, 21 F.4th at 1224 ("the forum State can exercise personal jurisdiction over an out-of-state defendant that has injured a resident plaintiff in the forum State if (1) the defendant has purposefully directed activity to market a product or service at residents of the forum State and (2) the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents." (citing *Ford*, 141 S. Ct. at 1028–29 & n.5)).

### 1) Minimum Contacts

Chubb Limited argues that Ms. Geiger cannot establish that Chubb Limited purposefully directed its activities at the state of Colorado or that Ms. Geiger's claim arises out of or is related to those activities. Docket No. 66 at 9, 14. Chubb Limited argues that it is a Swiss holding company that does not maintain an office in Colorado; is not licensed to do business in Colorado; does not pay taxes in Colorado; does not advertise in Colorado; does not own property in Colorado; and has no employees in Colorado. *Id*. at 4 (citing Docket No. 66-1 at 3, ¶¶ 19-21). Chubb Limited asserts that it "does not issue insurance policies at all," but rather holds shares of various insurance company subsidiaries. *Id*. (citing Docket No. 66-1 at 2, ¶¶ 6-7; Docket No. 66-3). Ms. Froud states that Chubb Limited "played no role in the negotiation, administration, or underwriting" of the insurance policies in this case and "had no involvement in the handling of Plaintiff's request for a copy of those policies." Docket No. 66-1 at 3, ¶ 17. Chubb Limited argues that Ms. Roberts' insurance policies list the insuring company as "Great Northern Insurance Company." Docket No. 66 at 10. Ms. Froud states that Chubb Limited indirectly owns Great Northern as a subsidiary. Docket No. 66-1 at 2, ¶ 8. Finally, Chubb Limited argues that Ms. Geiger does not plausibly allege that Great Northern is an "alter-ego" of Chubb Limited or that the Court should pierce the corporate veil. Docket No. 66 at 12-13.

Principally, Ms. Geiger argues that Chubb Limited purposely availed itself of personal jurisdiction in Colorado by "insuring an individual [who] drove a vehicle" in Colorado. Docket No. 68 at 8. Ms. Geiger claims that Ms. Roberts was insured under "Chubb Limited's insurance policies." *Id*. (citing Docket Nos. 68-7, 68-10). Ms. Geiger

9

further argues that Chubb Limited employees, Romeo Antonuccio and Alicen Ronan, responded in writing to Ms. Geiger's statutory request under Colo. Rev. Stat. § 10-3-1117(2)(a). *Id*. at 3, 8 (citing Docket Nos. 68-6, 68-7, 68-8). Additionally, Ms. Geiger contends that Chubb Limited issued and signed the settlement check in the underlying motor vehicle lawsuit between Ms. Roberts and Ms. Geiger. *Id*. at 9 (citing Docket No. 68-11). In reply, Chubb Limited argues that Ms. Geiger falsely equates the "Chubb" trademark logo with Chubb Limited, a separate legal entity. Docket No. 73 at 2-3. Chubb Limited argues that plaintiff's exhibits merely show that the trademark term "Chubb" was used on various documents, yet the term "Chubb" is a marketing name that refers to the group of companies that are "subsidiaries of Chubb Limited." *Id*. at 3 (citing Docket No. 66-3; Docket No. 73-1 at 3, ¶ 22).

The Court finds that Ms. Geiger has failed to make a *prima facie* showing that Chubb Limited has minimal contacts with Colorado sufficient to establish specific jurisdiction over Chubb Limited. Ms. Geiger's exhibits do not establish that Chubb Limited issued insurance policies to Ms. Roberts. Although the insurance policy exhibits contain a "CHUBB" logo in the corner, the exhibits state that the policies are "**Issued by** Great Northern Insurance Company." Docket No. 68-7 at 10; Docket No. 68-10 at 5. The policy confirms that "Chubb is the marketing name used to refer to subsidiaries of Chubb Limited providing insurance and related services." Docket No. 68-10 at 5, 13, 16; *see also Krum v. Chubb Ltd*., No. 20-cv-03616-RM-GPG, 2022 WL 1558885, at *4 (D. Colo. Feb. 10, 2022) (dismissing breach of contract claims against Chubb Limited and other entities because the insurance policy clearly stated it was "[i]ssued by Great Northern Insurance Company" and the policy stated that "Chubb is the marketing name

10

used to refer to subsidiaries of Chubb Limited providing insurance and related services"). In light of the policy's clear language, Ms. Geiger's argument is insufficient to establish that Chubb Limited insured Ms. Roberts and therefore purposely availed itself of personal jurisdiction in Colorado.

Furthermore, Ms. Geiger's other exhibits conflate the "Chubb" trademark logo with Chubb Limited. The exhibits do not establish that the individuals who responded to Ms. Geiger's statutory request are Chubb Limited employees. *See* Docket Nos. 68-7, 68-8 at 1, 5 (exhibit containing screenshots of Mr. Antonuccio's and Ms. Ronan's LinkedIn pages stating that they work for "Chubb," not Chubb Limited). Although the settlement check exhibit contains a "CHUBB" trademark logo, the check states "Great Northern Insurance Company." Docket No. 68-11. Ms. Geiger's speculation about the trademark logo does not refute Ms. Froud's sworn affidavit declaring that Chubb Limited did not issue the policy and had no involvement in responding to Ms. Geiger's statutory request. *See* Docket No. 66-1 at 3, ¶¶ 17-19.[4] Accordingly, the Court finds that Ms. Geiger has failed to demonstrate a *prima facie* showing that Chubb Limited purposefully directed its activities at residents of Colorado or that Ms. Geiger's claim arises out of or is related to those activities. *See Ford Motor Co.*, 141 S. Ct. at 1025.[5]

---

[4] Ms. Gieger submits other exhibits, but those exhibits also conflate the "Chubb" trademark logo with Chubb Limited. *See* Docket No. 68-4 (screenshot of Chubb LinkedIn page stating that "Chubb Limited" is the "[p]arent company"); Docket No. 68-12 through Docket No. 68-16 (various websites using the term "Chubb" not "Chubb Limited"); Docket No. 68-18 (LinkedIn profiles and employment posts for "Chubb," not Chubb Limited); Docket No. 68-9 (email correspondence indicating that a claim specialist and claim director had email addresses ending with "@chubb.com").

[5] Because Ms. Geiger has failed to establish that Chubb Limited has sufficient minimal contacts, the Court does not analyze whether the exercise of personal jurisdiction over Chubb Limited would offend "traditional notions of fair play and substantial justice." *See Asahi*, 480 U.S. at 105.

Alternatively, Ms. Geiger cursorily asserts that Great Northern is the "alter-ego" of Chubb Limited.  Docket No. 68 at 9.  "The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (citation omitted).  Even if Ms. Geiger properly raised the alter ego theory, the Court finds that Ms. Geiger has provided no basis for imputing Great Northern's Colorado contacts to Chubb Limited under an alter ego theory.  In deciding whether to pierce the corporate veil to exercise jurisdiction over a non-resident parent corporation based on the forum contacts of its subsidiary, courts consider a number of factors, including whether

> (1) [t]he parent owns all the stock; (2) both [entities] have common directors and officers; (3) the parent finances the subsidiary; (4) the parent causes the subsidiary's incorporation; (5) the subsidiary has grossly inadequate capital; (6) the parent pays salaries or expenses of the subsidiary; (7) the subsidiary has no business except with its parent or subsidiary corporation or no assets except those transferred by its parent or subsidiary; (8) directors and officers do not act independently in the interests of the subsidiary; (9) formal legal requirements of the subsidiary such as keeping corporate minutes are not observed; (10) distinctions between the parent and subsidiary . . . are disregarded or confused; [and] (11) subsidiaries do not have full boards of directors.

*Eim v. CRF Frozen Foods LLC*, No. 18-cv-01404-PAB-KLM, 2019 WL 1382790, at *4 (D. Colo. Mar. 26, 2019) (quoting *Griffith v. SSC Pueblo Belmont Operating Co. LLC*, 381 P.3d 308, 313 (Colo. 2016)).  Ms. Geiger's "evidence and well-pled allegations do not address any of these factors."  *See id*.  Accordingly, Ms. Geiger has failed to make a *prima facie* showing of personal jurisdiction based on an alter ego theory.  *See id*.

Ms. Geiger has failed to satisfy her burden of establishing personal jurisdiction. *See Rambo*, 839 F.2d at 1417.  The Court accordingly grants Chubb Limited's motion and dismisses Ms. Geiger's claim against Chubb Limited without prejudice.  *See*

*Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (noting that dismissal for lack of personal jurisdiction is without prejudice).[6]

## IV.     CONCLUSION

It is therefore

**ORDERED** that Defendant Chubb Limited's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction [Docket No. 66] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claim is dismissed against Chubb Limited without prejudice.  It is further

**ORDERED** that Chubb Limited is terminated from this case.

DATED February 27, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[6] Alternatively, Chubb Limited argues that, even if the Court has personal jurisdiction over Chubb Limited, Ms. Geiger's claim is barred by the statute of limitations.  Docket No. 66 at 6 n.4.  Chubb Limited joins the arguments made by Great Northern in its motion to dismiss, Docket No. 40, regarding the statute of limitations.  Docket No. 66 at 6 n.4.  Ms. Geiger did not respond to this argument, but states that she incorporates her response to Great Northern's motion to dismiss.  Docket No. 68 at 4, ¶ 14.  The Court previously granted Great Northern's motion to dismiss, finding that Ms. Geiger's claim was barred under the statute of limitations.  Docket No. 91 at 13.  Even if the Court had personal jurisdiction over Chubb Limited, the Court would dismiss the claim as barred by the statute of limitations for the same reasons discussed in regard to Great Northern.  *See id*.