IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

    Plaintiff,

v.

CHUBB GROUP,
CHUBB,
GREAT NORTHERN INSURANCE COMPANY, doing business as Chubb,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Former Defendants Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb INA Holdings Inc., and Chubb Group Holdings Inc.'s **Unopposed Attorneys' Fee Request in Connection with Order Granting Sanctions Motion** [#128] (the "Motion"). No Response has been filed. The Motion [#128] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3).[1] *See* [#129]. The Court has reviewed the Motion [#128], the entire case file, and the applicable law. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#128] be **GRANTED**.

---

[1] Except where otherwise permitted, a magistrate judge must issue a recommendation on a motion for attorneys' fees. *See, e.g.*, *Ditirro v. Sando*, No. 21-cv-01840-CNS-STV, 2023 WL 8531837 (D. Colo. Feb. 23, 2023) (magistrate judge issuing a recommendation on a motion for attorney's fees filed pursuant to previously allowed sanctions under Fed. R. Civ. P. 11).

On June 20, 2024, the undersigned granted two Motions for Sanctions [#75, #78], allowing the Former Defendants to obtain fees relating to those motions but reserving the issue of determining the precise amount of fees to be awarded. *Minutes* [#125]. In the present Motion [#128], the Former Defendants seek $15,224.50 in fees for their two attorneys, Christopher S. Clemenson ("Clemenson") and Joseph E. Okon ("Okon"). *Motion* [#128] at 2.

D.C.COLO.LCivR 54.3(b)(1) requires a motion seeking fees to include a summary of relevant qualifications and experience for each person for whom fees are claimed. Attorney Clemenson obtained his Juris Doctor in 1997 from the University of Washington and has practiced law since that time, primarily representing insurance companies in legal disputes. *Decl. of Clemenson* [#128-1] ¶ 4. He is AV-rated by Martindale-Hubbell and has been recognized by Chambers USA in 2023 and 2024 in the area of insurance law. *Id.* He is admitted to practice law and is in good standing in the jurisdictions of the State of Washington, the United States District Court for the Western District of Washington, the United States District Court for the Eastern District of Washington, the State of Colorado, the United States District Court for the District of Colorado, and the United States Court of Appeals for the Tenth Circuit. *Id.* ¶ 5. Attorney Okon is an associate attorney who obtained his Juris Doctor in 2016 from Southern Illinois University School of Law and has been practicing civil litigation since that time. *Id.* ¶ 7. He is admitted to practice law and is in good standing in the jurisdictions of the State of Illinois, the United States District Court for the Southern District of Illinois, the State of Colorado, and the United States District Court for the District of Colorado. *Id.* The Court finds that Attorneys Clemenson and Okon have supplied adequate information to meet the requirements of Local Rule 54.3(b)(1).

2

D.C.COLO.LCivR 54.3(b)(2) requires "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." Here, the Former Defendants seek a total of $15,224.50 in fees for Attorney Clemenson and Attorney Okon. *Motion* [#128] at 2. The fees are based on Attorney Clemenson's hourly rate of $335.00 for 34.7 hours expended, which equates to $11,624.50, and Attorney Okon's hourly rate of $250.00 for 14.4 hours expended, which equates to $3,600.00. *Id.* They have also provided a detailed description of their services in connection with the Motions for Sanctions [#75, #78]. *See Exs. 1-9* [#128-2 through #128-10]. The Court finds that Attorneys Clemenson and Okon have supplied adequate information to meet the requirements of Local Rule 54.3(b)(2).

In deciding the reasonableness of a fee request, the Court conducts a "lodestar calculation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation consists of multiplying a reasonable hourly billing rate by the number of hours expended, both of which are reviewed by the Court to ensure that proper billing judgment was exercised. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). The lodestar number may then be adjusted "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

Regarding the reasonableness of Attorney Clemenson's $335.00 hourly billing rate and Attorney Okon's $250.00 hourly billing rate, per a Colorado Bar Association survey from seven years ago, "the statewide hourly billing rates in the field of civil/commercial litigation ranged from a median of $300 per hour to $473 in the 75th percentile." *Peterson v. Pickering*, No. 22-cv-00320-WJM-KLM, 2023 WL 5153757, at *2 (D. Colo. July 18,

3

2023) (citing Colorado Bar Association 2017 Economic Survey; *Seeley Int'l Pty Ltd. v. Maisotsenko*, No. 21-cv-01350-CMA-KLM, 2023 WL 3974443, at *3 (D. Colo. May 9, 2023)). Without question, hourly rates have since increased. Regardless, based on the undersigned's prior experience as an attorney, Attorney Clemenson's $335.00 hourly billing rate and Attorney Okon's $250.00 hourly billing rate both fall within the range of reasonableness. Having considered the Survey; "the complexity of the case and the expertise needed; the professional standing, reputation, ability, and experience of the attorneys involved in this action; [and] the skill, time and labor involved," *see id.*, the Court finds that the billed hourly rates are reasonable. *See Raymond M. v. Beacon Health Options, Inc.*, No. 2:18-cv-00048-JNP-DAO, 2021 WL 764077, at *2 (D. Utah Feb. 26, 2021) ("When determining whether an hourly rate is reasonable, the court may consider various evidence, including affidavits of counsel, non-party attorney affidavits, and the court's own knowledge.").

"In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d at 1246 (citation and quotation marks omitted). Importantly, attorneys must in good faith exclude time that is unnecessary, redundant, or excessive. *Hensley*, 461 U.S. at 434. The party requesting fees has the burden of proof that its attorney exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the

4

fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Regarding the reasonableness of the number of hours billed, i.e., 34.7 hours for Attorney Clemenson and 14.4 hours for Attorney Okon, the Court has reviewed the detailed billing records submitted by counsel. *See Exs. 1-9* [#128-2 through #128-10]. The Court does not "apportion the fee award mechanically"; in other words, the Court does not examine each claimed expense and determine whether each one is reasonable. *Hensley*, 461 U.S. at 438. Rather, the Court must simply exercise its "discretion in making this equitable judgment" by making "clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437; *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (stating that the amount of fees accumulated to obtain the positive result must be reasonably related to the significance and type of issue in dispute). Given the information provided in the Motion [#128] and supporting Declaration [#128-1], the history of this case, including the granting of the Motions for Sanctions [#75, #78] in favor of the Former Defendants, the Court's review of the billing records, and the undersigned's years of experience as an attorney in the Denver metropolitan area, the Court finds that the lodestar amount of $15,224.50 (consisting of $335.00 per hour multiplied by 34.7 hours of billable work for Attorney Clemenson and $250.00 per hour multiple by 14.4 hours of billable work for Attorney Okon) is reasonable and therefore should be awarded.

Based on the foregoing,

5

IT IS HEREBY **RECOMMENDED** that the Motion [#128] be **GRANTED**, and that the Former Defendants be awarded attorneys' fees in the amount of $15,224.50 from Plaintiff.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: November 1, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

6