IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

    Plaintiff,

v.

CHUBB GROUP,
CHUBB, and
GREAT NORTHERN INSURANCE GROUP d/b/a CHUBB,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Rule 60 Motion Relief from Order.  [Docket No. 94].  On March 26, 2024, defendants Chubb Indemnity Insurance Company ("Chubb Indemnity"), Federal Insurance Company ("FIC"), Chubb INA Holdings Inc., ("INA Holdings"), and Chubb Group Holdings Inc ("Chubb Group Holdings") (collectively, the "Other Chubb Entities") and Great Northern Insurance Company ("Great Northern") filed a response.  Docket No. 102.  On April 18, 2024, plaintiff Dawn Geiger filed a reply.  Docket No. 106.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### I.    BACKGROUND

On April 7, 2023, Ms. Geiger filed the present lawsuit against defendant Chubb Indemnity in the District Court for Denver County, Colorado.  Docket No. 5 at 2.  On April 28, 2023, Chubb Indemnity removed the case to this Court.  Docket No. 1.  On

May 24, 2023, Ms. Geiger filed an amended complaint, adding the following defendants: Great Northern, Chubb Limited, Chubb Group, Chubb, Great Northern Insurance Group, FIC, Chubb INA Holdings, and Chubb Group Holdings.  Docket No. 22.  Ms. Geiger asserts one claim against defendants, pursuant to Colo. Rev. Stat. § 10-3-1117, for failing to provide the required insurance policy disclosures within the statutory timeframe.  *Id*. at 3, ¶¶ 23-29.  Ms. Geiger requests $82,000 in penalties, in addition to attorneys' fees and costs.  *Id*., ¶ 29.

On February 27, 2024, the Court granted Great Northern's motion to dismiss the amended complaint and granted in part and denied in part the Other Chubb Entities' motion to dismiss the amended complaint.  Docket No. 91 at 18.  The Court dismissed Ms. Geiger's claims against Great Northern and the Other Chubb Entities with prejudice. [1]  *Id.*  The Court dismissed Ms. Geiger's claims against Great Northern and the Other Chubb Entities because they were barred under the statute of limitations.  *Id.* at 13, 16.

## II. ANALYSIS

Ms. Geiger moves for relief from the Court's February 27, 2024 Order under Federal Rule of Civil Procedure 60(b)(6).  Docket No. 94 at 3, ¶¶ 4-6.  She argues that *Weatherill v. State Farm*, Case No. 2023CA001172 (Colo. Ct. App. 2023), a case

---

[1] Ms. Geiger states that she "moves this Court for relief from the Orders issued on February 27, 2024."  Docket No. 94 at 3, ¶ 6.  On February 27, 2024, the Court granted Chubb Limited's motion to dismiss because the Court found that it lacked personal jurisdiction over Chubb Limited.  Docket No. 92 at 12-13.  The Court determines that Ms. Geiger does not seek relief from the order dismissing Chubb Limited, *id*., because the Court did not dismiss the claims against Chubb Limited due to the statute of limitations.  In her motion for relief under Rule 60, Ms. Geiger only seeks relief on the basis that there is allegedly a change in law regarding the statute of limitations.  *See* Docket No. 94 at 3-4.

pending before the Colorado Court of Appeals, [2] is "directly analogous to the exact issue in the subject litigation." *Id.* at 4, ¶ 14.  Ms. Geiger claims that the "issue at controversy in *Weatherill* is whether the Weatherill's [sic] C.R.S. § 10-3-1117 claim was equitably tolled." *Id.*, ¶ 15.  She requests that "all matters be stayed in this litigation pending the outcome of the Colorado Court of Appeals decision in *Weatherill*." *Id.* at 5, ¶ 17.  Great Northern and the Other Chubb Entities argue that the *Weatherill* case is "materially different from this case, legally and factually."  Docket No. 102 at 4.  Great Northern and the Other Chubb Entities further argue that *Weatherill* "will not change the legal landscape for this Court" because, "[w]hile precedential decisions from intermediate appellate courts may be considered as persuasive authority in predicting state law, the Court is not bound by those decision if it believes the Colorado Supreme Court would decide otherwise." *Id.* at 7.

Sometimes referred to as a "catch-all provision," *see United States v. Headley*, 2023 WL 6240090, at *3 (10th Cir. Sept. 26, 2023), Rule 60(b)(6) provides that a final judgment, order, or proceeding can be amended or withdrawn for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The Tenth Circuit has interpreted Rule 60(b)(6)'s scope narrowly, noting that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 579 (10th Cir. 1996).  Further, relief

---

[2] The Court takes judicial notice of the state court docket in Case No. 2023CA001172, which shows that the Colorado Court of Appeals has yet to issue an opinion in *Weatherill*.  *See Tal v. Hogan,* 453 F.3d 1244, 1256, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

under Rule 60(b)(6) "is even more difficult to attain" than under other Rule 60(b) provisions and "is appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks and citation omitted); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, No. 04-cv-01619-LTB-BNB, 2008 WL 5104813, at *6 (D. Colo. Dec. 3, 2008).

However, regardless of whether extraordinary circumstances exist due to *Weatherill*, *Ms*. Geiger cannot seek relief from the Court's February 27, 2024 Order under Rule 60(b) because it was not a final order. Rule 60(b) "only applies to final orders or judgments." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is instead "subject to revision at any time" under Federal Rule of Civil Procedure 54(b). *Id.*; *see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("every order short of a final decree is subject to reopening at the discretion of the district judge.") (citation omitted); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). The Court's February 27, 2024 Order only adjudicated the claims of Great Northern and the Other Chubb Entities. Docket No. 91 at 18-19. It did not adjudicate the claims of Chubb Group, Chubb, and Great Northern Insurance Group, who the Other Chubb Entities assert are not proper defendants, instead ordering Ms. Geiger to show cause why these defendants should

4

not be dismissed under Fed. R. Civ. P. 4(m).  *Id*. at 19.  Therefore, Ms. Geiger cannot seek relief under Rule 60, and the Court will deny her motion.

Ms. Geiger requests "all matters be stayed in this litigation pending the outcome of the Colorado Court of Appeals decision in *Weatherill*."  Docket No. 94 at 5, ¶ 17.  When "a party seeks a stay pending resolution of an issue in a separate action," the Court applies the factors set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  *Cupat v. Palantir Techs., Inc.*, No. 22-cv-02384-CNS-SKC, 2023 WL 2585298, at *1 (D. Colo. Mar. 21, 2023).  Pursuant to *Landis*, courts weigh the following factors in determining whether to stay proceedings:

> (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id*. at *2.

Ms. Geiger does not address the *Landis* factors.  She does not explain why it is appropriate to stay proceedings pending the disposition of a non-binding Colorado Court of Appeals case that, as the Other Chubb Entities note, is factually distinct from the instant case.  Docket No. 102 at 4-6.  Accordingly, the Court will not stay proceedings pending appeal in *Weatherill.  See Chile Colonial, LLC v. Trader Joe's Co.*, No. 20-cv-02281-DDD-KLM, 2020 WL 12432440, at *2 (D. Colo. Dec. 2, 2020) (denying stay, in part, where the claims at issue would "not necessarily be resolved" in the separate proceeding and that separate "ruling would not be binding"); *Reps. Comm. for Freedom of the Press v. Rokita*, 2024 WL 1012958, at *1, *3 (S.D. Ind. Mar. 8, 2024) (where the party argued that a stay was warranted because a "directly related" action

5

was pending appeal, the court denied a stay because it "remain[ed] unconvinced that the issues overlap such that the Court is required to impose a stay when it is otherwise ready to decide the issues at hand").

### III. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Rule 60 Motion Relief from Order [Docket No. 94] is **DENIED**.

DATED March 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge