IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

     Plaintiff,

v.

CHUBB GROUP,
CHUBB, and
GREAT NORTHERN INSURANCE GROUP d/b/a CHUBB,

     Defendants.

---

## ORDER

---

This matter comes before the Court on defendants Great Northern Insurance Company's, Chubb's, Chubb Group's, and Great Northern Insurance Group d/b/a Chubb's Motion for Sanctions Regarding Non-Entity Defendants [Docket No. 111].  On May 31, 2024, plaintiff Dawn Geiger filed a response, Docket No. 119, wherein she incorporates her response to the motion to dismiss of Chubb Group, Chubb, and Great Northern Insurance Group d/b/a Chubb.  Docket No. 114.  On June 6, 2024, Great Northern Insurance Company, Chubb, Chubb Group, and Great Northern Insurance Group d/b/a Chubb filed a reply.  Docket No. 120.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### I.    BACKGROUND

This case arises out of a December 8, 2018 motor vehicle collision that involved Ms. Geiger and Emma Roberts.  Docket No. 22 at 2, ¶ 14.  Ms. Geiger asserts one

claim against each defendant, pursuant to Colo. Rev. Stat. § 10-3-1117, for failing to
provide the required insurance policy disclosures within the statutory timeframe.  *Id*. at
3, ¶¶ 23-29.  Ms. Geiger requests $82,000 in penalties, in addition to attorney's fees
and costs.  *Id*., ¶ 29.

On March 16, 2023, Ms. Geiger[1] contacted Fabian Martinez, the Great Northern
Insurance Company ("Great Northern") claim representative handling Ms. Geiger's tort
claim against Ms. Roberts.  Docket No. 111 at 3.  Ms. Geiger informed Mr. Martinez
that, if Chubb did not issue the $82,000 in penalties to plaintiff by April 7, 2023 close of
business, Ms. Geiger would file a complaint against Chubb.  *Id.* (citing Docket No. 111-1
at 2).  Ms. Geiger attached the draft complaint, which identified Chubb Indemnity
Insurance Company ("Chubb Indemnity") as the defendant.  *Id.* (citing Docket No. 111-1
at 5).

On April 7, 2023, defendants responded to the March 16, 2023 email by
indicating that Ms. Geiger had named the wrong defendant in the draft complaint.  *Id.*
(citing Docket No. 111-2 at 3-4).  Defendants' response email stated, in relevant part:

> You claim in your draft complaint that on May 1, 2020, you served, via process
> server, a written request pursuant to C.R.S. § 10-3-1117 on Chubb Indemnity
> Insurance Company's registered agent, C T Corporation System, requesting
> automobile policies insuring Emma Roberts.  Your draft complaint notably does
> not attach the written request or proof of service.  I question whether your written
> request complied with the statute given that your draft complaint improperly
> identifies "Chubb Indemnity Insurance Company" as the Defendant.  Chubb
> Indemnity Insurance Company did not issue any commercial automobile or
> personal automobile liability policies to Ms. Roberts.  Ms. Roberts was insured by
> Great Northern Insurance Company, a fact that was readily ascertainable both

---

[1] Counsel for Ms. Geiger, Rebecca Bilello and Jacob Galperin, communicated on
her behalf.  The Court distinguishes whether Ms. Bilello or Mr. Galperin was the
attorney communicating with defendant's counsel only where it is relevant to determine
the appropriate party to sanction.  Otherwise, the Court refers to plaintiff and her
counsel as "Ms. Geiger."

from any insurance identification card provided by Ms. Roberts at the time of the accident or from correspondence my client exchanged with Ms. Geiger's prior counsel at Ramos law.  If your written request pursuant to C.R.S. § 10-3-1117 did not properly identify Great Northern Insurance Company, then it is invalid.

Docket No. 111-2 at 2.  Ms. Geiger, however, had already filed suit the morning of April

7, 2023.  Docket No. 111 at 4 (citing Docket No. 5).

On April 27, 2023, defendants emailed Ms. Geiger, stating that Great Northern,

and not Chubb Indemnity, was the proper defendant.  *Id*. (citing Docket No. 111-3 at 1-

2).  Ms. Geiger responded, stating that she disagreed and that the "policy indicates

Chubb as the insurer."  Docket No. 111 at 3 (citing Docket No. 111-3 at 1).  Defendants

responded, in relevant part:

In arguing "the policy indicates Chubb as the insurer", you appear to be confusing a marketing designation for an insurance company.  There is no insurance company in Colorado known as "Chubb."  The term "Chubb" is a marketing identifier for certain insurance companies that are direct or indirect subsidiaries of Chubb Ltd., a publically [sic] traded company on the NYSE.  However, Chubb Ltd. is not an insurance company, but a holding company.  Many different companies identify themselves as being part of the "Chubb" group of insurance companies.  All of this information is readily apparent with any investigation into public information available through the Colorado Secretary of State or the Division of Insurance.  Indeed, a list of many "Chubb" companies can be found in the Colorado Insurance Industry Statistical Report that is published by the Colorado Department of Regulatory Agencies (Division of Insurance) on an annual basis.  You will note from the below (taken from the 2019 Report) that several of these companies even have the word Great Northern and Chubb Indemnity are affiliated insurance companies that are both U.S. base subsidiaries of Chubb Limited.  They both use the "Chubb" trademark as a marketing and branding name.  'Chubb' in their name, yet are all different and distinct insurance companies.

Docket No. 111 at 4-5 (citing Docket No. 111-4 at 1).  Defendants attached the

insurance identification card for Ms. Robert's policy that indicated Great Northern was

the company that issued the policy and a portion of the Excess Coverage Summary

Renewal that stated the policy was "issued by Great Northern Insurance Company a

stock insurance company incorporated in Indiana." Docket No. 111 at 5; Docket

No. 111-4 at 4, 5, 7. Defendants further attached the Colorado Insurance Industry

Statistical Report from the Division of Insurance to show that several companies exist

with the word "Chubb" in their name, but that each are distinct insurance companies.

Docket No. 111 at 5 (citing Docket No. 111-4 at 2).

On April 28, 2023, Ms. Geiger responded and indicated that she would be filing

an amended complaint. *Id*. (citing Docket No. 111-5 at 1). The amended complaint

added Great Northern, Chubb Limited, Chubb Group, Chubb, and Great Northern

Insurance Group d/b/a Chubb.[2] Docket No. 111-5 at 4. On May 9, 2023, defendants

responded that they would oppose a motion to file an amended complaint that included

the other named entities besides Great Northern because "the other named entities . . .

are improper parties." Docket No. 111 at 5; *see also* Docket No. 111-6 at 1.

Defendants informed Ms. Geiger that they would not oppose an amended complaint

that named Great Northern as the sole defendant. Docket No. 111 at 5 (citing Docket

No. 111-6 at 1).

On May 10, 2023, Chubb Indemnity filed its corporate disclosure statement

pursuant to Fed. R. Civ. P. 7.1 that identified Chubb Indemnity as a direct subsidiary of

Federal Insurance Company ("FIC") and an indirect subsidiary of Chubb INA Holdings

Inc. ("Chubb INA Holdings") and Chubb Limited. *Id*. (citing Docket No. 16). On May 20,

2023, Ms. Geiger filed a motion for leave to file an amended complaint. *Id*. (citing

---

[2] The amended complaint attached to Ms. Geiger's April 28, 2023 email indicated
that "Great Northern Insurance *Company* d/b/a Chubb" would be added as a defendant.
Docket No. 111-5 at 4 (emphasis added). However, Ms. Geiger's amended complaint
added "Great Northern Insurance *Group* d/b/a Chubb" as a defendant. Docket No. 22
at 1 (emphasis added).

Docket No. 17).  The motion indicated that Ms. Geiger intended to name FIC, Chubb INA Holdings, and Chubb Limited, the entities identified in the corporate disclosure statement, as defendants, in addition to those defendants identified in Ms. Geiger's April 28, 2023 email.  *Id.*  Before defendants filed a response to Ms. Geiger's motion, the assigned magistrate judge granted the motion for leave to amend.  *Id.* (citing Docket No. 21).

After the amended complaint was filed, Ms. Geiger asked whether defendants' counsel would accept service on behalf of all the defendants.  *Id.* at 5-6 (citing Docket No. 111-7 at 1).  Counsel responded, stating that he would accept service on behalf of Great Northern, Chubb Limited, FIC, Chubb INA Holdings, and Chubb Group Holdings, but that he would not accept service on behalf of Chubb Group, Chubb, and Great Northern Insurance Group because "none of them were legal entities with the capacity to sue or be sued".  *Id.* at 6 (citing Docket No. 111-7 at 1).  Counsel further stated, in relevant part:

> I am not sure why you refuse to name only the correct entity, Great Northern Insurance Company, and you refuse to engage me in any discussion about it.  We will be making express note of this in our motion for sanctions that will follow a motion to dismiss, especially as to each improperly named party.

*Id*. (citing Docket No. 111-7 at 1).

On July 6, 2023, defendants emailed Ms. Geiger, notifying her of Judge Raymond Moore's decision in *Krum v. Chubb Ltd.*, No. 20-cv-03616-RM-GPG, 2022 WL 1558885 (D. Colo. Feb. 10, 2022).  *Id.*  Judge Moore found, in relevant part:

> as explained in the Recommendation, the policy states that "Chubb is the marketing name used to refer to subsidiaries of Chubb Limited providing insurance and related services" and that the policy is "[i]ssued by Great Northern Insurance Company."  (ECF No. 94 at 3, 52.)[.]  In light of the policy's clear

language, Plaintiff's contention that he—a licensed attorney—"was told and
understood" that he was insured by "Chubb" (ECF No. 158 at 11) is wholly
insufficient to state a plausible claim for relief for breach of contract against these
Defendants.

*Id.* (citing *Krum*, 2022 WL 1558885, at *4).

On October 10, 2023, Chubb Indemnity filed a motion for sanctions in the instant
case under Rule 11.  Docket No. 75.  On October 17, 2023, Chubb Indemnity, FIC,
Chubb INA Holdings, and Chubb Group Holdings (collectively, the "Other Chubb
Entities") moved for sanctions, Docket No. 78, due to Ms. Geiger's "refusal" to dismiss
her claims against them, despite "knowledge her Complaint wholly lack[ed] merit,"
Docket No. 75 at 5, and her having "overwhelming and incontrovertible evidence that
the only proper defendant is Great Northern."  Docket No. 78 at 5.

On February 27, 2024, the Court granted Great Northern's motion to dismiss the
amended complaint as to Great Northern.  Docket No. 91 at 18.  In addition, the Court
granted in part and denied in part the motion to dismiss the Other Chubb Entities.  *Id.*
The Court dismissed with prejudice Ms. Geiger's claims against Great Northern and the
Other Chubb Entities because her claims were barred by the statute of limitations.  *Id.* at
13, 16.  The Court also ordered Ms. Geiger to show cause why Chubb, Chubb Group,
and Great Northern Insurance Group (collectively, the "Remaining Chubb Parties")
should not be dismissed from this case pursuant to Fed. R. Civ. P. 4(m) for Ms. Geiger's
failure to serve them.  *Id.* at 17.  On March 19, 2024, Ms. Geiger filed proofs of service
for the Remaining Chubb Parties.  Docket Nos. 96, 97, 98, 100, 101.

At a hearing on June 20, 2024, Magistrate Judge Kathryn Starnella granted the
October 10, 2023 and October 17, 2023 motions for sanctions.  Docket No. 125 at 1.
She found that Ms. Geiger's counsel violated Rule 11(b) because, under Colo. Rev.

Stat. § 10-2-1117(2)(a), there was no dispute that Great Northern was the only proper defendant and Ms. Geiger proceeded to file her amended complaint regardless. To the extent that Ms. Geiger was alleging that other named parties were liable on an alter ego theory, Judge Starnella found that such allegations were not found in Ms. Geiger's complaint and was belatedly presented to the court at the sanctions hearing. Judge Starnella allowed the Other Chubb Entities to seek fees that were incurred "in connection with litigating these motions including time spent in preparing the motions, conferrals prior to the filing of the motions and reasonable fees and costs incurred from today's hearing" and "with respect to preparing any Motions to Dismiss." *Id.* at 1-2.

On July 19, 2024, the Other Chubb Entities filed an Unopposed Attorney's Fee Request in light of Judge Starnella's June 20, 2024 order. Docket No. 128. On November 1, 2024, Judge Starnella recommended that the request be granted. Docket No. 130 at 1. On November 20, 2024, the Court accepted the recommendation, awarding the Other Chubb Entities $15,224.50 in attorney's fees from plaintiff. Docket No. 131 at 2.

## II.    ANALYSIS

The Remaining Chubb Parties and Great Northern ("movants") seek sanctions under Fed. R. Civ. P. 11 against plaintiff and her counsel. Docket No. 111 at 14. Movants request that Great Northern be awarded the "costs of securing the dismissal" of the Remaining Chubb Parties because Great Northern is the "real party in interest" and "Great Northern has been funding" the Remaining Chubb Parties' "litigation costs." *Id.* Movants argue that the filing of Ms. Geiger's amended complaint, Docket No. 22, violates Rule 11(b). Docket No. 111 at 9-10. Specifically, they argue that Ms. Geiger

and her counsel violated Rule 11(b)(1)-(3) by erroneously "representing that the claims against that defendant are warranted by existing law, that the factual allegations against the defendant have evidentiary support, and that the complaint is not being pursued needlessly increase the costs of litigation." *Id.* Ms. Geiger incorporates her response to the Remaining Chubb Parties' motion to dismiss in the response to the instant motion for sanctions. Docket No. 119 at 1. She argues that "there is a valid basis as articulated in Plaintiff's Response to Motion to Dismiss . . . which supports and justifies Defendants being party Defendants in this litigation." Docket No. 119 at 1-2.

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Rule 11 imposes an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" and the "applicable standard is one of reasonableness

under the circumstances." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
498 U.S. 533, 551 (1991).  "Because our adversary system expects lawyers to
zealously represent their clients, this standard is a tough one to satisfy; an attorney can
be rather aggressive and still be reasonable." *Predator Int'l, Inc. v. Gamo Outdoor USA,
Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015).  An attorney may present a legal position
that is contrary to law so long as the position "is warranted 'by a nonfrivolous argument
for extending, modifying, or reversing existing law or for establishing new law.'"  *Id.*
(quoting Fed. R. Civ. P. 11(b)(2)).  "Rule 11 neither penalizes overstatement nor
authorizes an overly literal reading of each factual statement."  *F.D.I.C. v. Refco Grp.,
Ltd.*, 989 F. Supp. 1052, 1090 (D. Colo. 1997) (citing *Navarro-Ayala v. Hernandez-
Colon*, 3 F.3d 464, 467 (1st Cir. 1993)).

### A.  Rule 11(b)(1)

Movants argue that "there is no explanation for the conduct of Plaintiff and her
counsel in this case" such that the amended complaint was filed for an improper
purpose, namely, to "needlessly increas[e] the costs of litigation."  Docket No. 111 at 13.
"Rule 11(b)(1) of the Federal Rules of Civil Procedure provides that any attorney or
party, by presenting a pleading or motion to the court, certifies that it is not being
presented for any improper purpose, such as to harass or to cause unnecessary delay
or needless increase in the cost of litigation."  *Wasko v. Moore*, 172 F. App'x 791, 793
(10th Cir. 2006) (unpublished) (internal quotation omitted).

The Court finds that there is not sufficient evidence to conclude that Ms. Geiger
filed the amended complaint to needlessly increase the cost of litigation.  Movants
surmise that, because Ms. Geiger was "inexplicably resistant to dismissing the other

parties," despite the documentation provided by the Remaining Chubb Parties and
Great Northern, the amended complaint must have been filed for an improper purpose.
Docket No. 111 at 13.  The frivolousness of a suit can evince an improper purpose;
however, courts generally do not infer an improper purpose absent "solid evidence of a
pleading's frivolousness."  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365
(9th Cir. 1990).  For instance, a party's continuous re-litigation of issues, despite
repeated findings by courts that such issues are frivolous, can evince an improper
purpose.  *See, e.g.*, *Clark v. Meijer*, *Inc.*, 376 F. Supp. 2d 1077, 1086 (D.N.M. 2004)
(finding that suit was filed for an improper purpose where the party engaged in
"repeated attempts to relitigate matters that various state and federal courts have
dismissed" and the party's allegations were "frivolous, unsupported by existing law,
have no factual or evidentiary support, and further investigation is not warranted
considering this Court's, as well as other courts', prior rulings"); *Hutchinson v. Hahn*,
2007 WL 2572224, at *8 (N.D. Okla. Sept. 4, 2007) (imposing sanctions under Rule
11(b)(1) where the party continued to "raise the same allegations that they have
presented to this Court" over the course of 14 years, the party's "claims have been
rejected by every judge and every court that has considered them," and the party had
"repeatedly [been] sanctioned for litigation misconduct").  Accordingly, the Court does
not find that Ms. Geiger violated Rule 11(b)(1).

      **B.  Rule 11(b)(2)**

      Movants argue that the Remaining Chubb Parties are "not entities with the
capacity to be sued" and that Great Northern is the "real party in interest."  Docket
No. 111 at 10.  To issue sanctions under Rule 11(b)(2), the Court must find that the

amended complaint is "based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *Tacoronte v. Cohen*, 654 F. App'x 445, 449 (11th Cir. 2016) (unpublished) (citing Fed. R. Civ. P. 11(b)(2)).  The amended complaint's claims against the Remaining Chubb Parties are based on two legal theories: that an entity other than the one that issued the policy can be liable under § 10-3-1117, and that the Remaining Chubb Parties are parties that have the capacity to be sued under Fed. R. Civ. P. 17(b).  *See* Docket No. 22.  The Court addresses each legal theory in turn.

The Court finds that the amended complaint is based on a legal theory – namely, that an entity other than the issuer of an insurance policy can be held liable under § 10-3-1117 – that is not warranted by existing law or by a nonfrivolous argument for the modification of existing laws.  The plain text of § 10-3-1117 does not contemplate imposing liability on any other entity than the issuer of an insurance policy.  Section 10-3-1117 imposes disclosure obligations on the following entity: "Each insurer that provides or may provide commercial automobile or personal automobile liability insurance coverage to pay all or a portion of a pending or prospective claim . . . ."  Colo Rev. Stat. § 10-3-1117(2)(a).

Ms. Geiger cites no authority for the proposition that the name "Chubb" on the settlement check[3] means that Chubb or the other Remaining Chubb Parties are insurers subject to liability under § 10-3-1117.  *See* Docket No. 114 at 4, ¶ 8.  She cites no authority for the proposition that the Chubb name being found on various

---

[3] The Court notes that "Great Northern Insurance Company" is listed on the settlement check.  Docket No. 114-2 at 35.

communications regarding Ms. Roberts's policy means that Chubb or the other Remaining Chubb Parties are "insurers" subject to liability under § 10-3-1117.  *See id.*

The Court finds that the legal theory that the Remaining Chubb Parties are legal entities that have the capacity to be sued under Rule 17(b) is frivolous.  Ms. Geiger argues that, because the Remaining Chubb Parties "have registered agents that accepted service on their behalf," they are legal entities.  *Id.*  The Court finds that the Remaining Chubb Parties are not legal entities.  The Remaining Chubb Parties attached to their motion to dismiss four declarations.  *See* Docket Nos. 104-1-104-4.  One declaration states that the Remaining Chubb Parties are not legal entities.  Docket No. 104-1 at 2, ¶¶ 3-4.  Two declarations state that CT Corporation System and Corporation Service Company, through which Ms. Geiger purportedly served the Remaining Chubb Parties, are not registered agents for the Remaining Chubb Parties. Docket No. 104-2 at 2, ¶ 6; Docket No. 104-3 at 2, ¶ 5.  In addition, defendants informed Ms. Geiger on numerous occasions that the Remaining Chubb Parties were not legal entities.  *See, e.g.*, Docket No. 111-4 at 1; Docket No. 111-6 at 1, Docket No. 111-7 at 1; Docket No. 111-8 at 1.

Ms. Geiger's reliance on a September 12, 2022 hearing in *Story v. Travelers Ins. Co. of Am.*, No. 22-cv-01676-REB-STV, Docket No. 47, is unavailing.  Docket No. 114 at 5-6, ¶ 10.  In the September 12, 2022 hearing, Magistrate Judge Scott Varholak resolved a discovery dispute.  *Story v. Travelers Ins. Co. of Am.*, No. 22-cv-01676-REB-STV, Docket No. 25 (D. Colo. Sept. 12, 2022).  The plaintiff argued that a subpoena in question was served on the defendant, Standard Fire Insurance Company, while the defendant claimed that the subpoena was served on another company.  *Id.* at 1.  Judge

Varholak found that the defendant did not "have standing to object to the subpoena" because it was issued to a third-party, not Standard Fire Insurance Company. *Id.* at 1-2. The proceedings in *Story* do not demonstrate that existing law warranted Ms. Geiger's belief that liability under § 10-3-1117 could be imposed on an entity other than the issuer of the policy or that the Remaining Chubb Parties are legal entities.[4]

The Court finds that the amended complaint is based on a legal theory that has "no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *Cohen*, 654 F. App'x at 449. Accordingly, the Court finds that Ms. Geiger violated Rule 11(b)(2).

### C. Rule 11(b)(3)

Movants argue that Ms. Geiger and her counsel violated Rule 11(b)(3) because the "factual allegations" in the amended complaint claiming that the Remaining Chubb Parties issued the subject excess policy "lacked any evidentiary support, and Plaintiff and her counsel knew that her allegations lacked support." Docket No. 111 at 11-12. A party violates Rule 11(b)(3) when he or she "had no evidentiary support for the allegation, and [ ] failed to show that investigation or discovery would lead to any evidence to support his allegation." *Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir. 2000); *see also Fazzio v. Weber Cnty.*, 2019 WL 3416289, at *6 (D. Utah July 29, 2019) ("An attorney that lobs factual allegations absent any evidentiary basis violates Rule 11(b)(3), which obligates an attorney to ensure factual contentions have evidentiary

---

[4] To the extent that Ms. Geiger relies on *Story* for the proposition that the Remaining Chubb Parties are entities that can be sued, such reliance does not address whether it was warranted by existing law to believe that an entity other Great Northern could be held liable under § 10-3-1117.

support or, if specifically so identified, will likely have evidentiary support after a
reasonable opportunity for further investigation or discovery.") (internal quotation and
citation omitted).

The Court finds that Ms. Geiger violated Rule 11(b)(3) by filing the amended
complaint. Docket No. 22. In order to comply with Rule 11(b)(3), the factual
contentions in the complaint must have been "warranted on the evidence or will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery." *Bowman v. Friedman*, 2022 WL 1091289, at *3 (D.N.M. Apr. 12, 2022).
The amended complaint alleges that "Plaintiff was involved in a motor vehicle collision
on December 8, 2018, with Emma Roberts, insured of Defendants." Docket No. 22 at 2,
¶ 14. Therefore, the complaint asserted as fact that Ms. Roberts was insured by, and
thus had an insurance policy with, the Remaining Chubb Parties.

The amended complaint's allegation – that Ms. Roberts had an insurance policy
with anyone other than Great Northern – lacked evidentiary support and was not likely
to have evidentiary support after a reasonable opportunity for investigation. Ms.
Robert's Colorado Insurance Identification Card indicates that the "Company" is "Great
Northern Insurance Company." Docket No. 111-4 at 7. Ms. Robert's Colorado
Coverage Summary Renewal states that her policy was "Issued by Great Northern
Insurance Company." *Id.* at 5. In Ms. Geiger's underlying tort action against Ms.
Roberts, Ms. Roberts disclosed her insurer as "Great Northern Insurance Company,
policy no. 11311828-05, with a limit of $500,000 per occurrence and an umbrella of
$10,000,000." Docket No. 111-9 at 2; Docket No. 111-10 at 3; Docket No. 111-11 at 3.
Defendants informed Ms. Geiger on numerous occasions that Great Northern was the

only proper defendant under § 10-3-1117(2)(a).  *See, e.g.*, Docket No. 111-2 at 2-3;
Docket No. 111-3 at 1; Docket No. 111-4 at 1.

   *Krum* supports the conclusion that there is no evidentiary support for the
allegation that the Remaining Chubb Parties issued Ms. Roberts's policy.  In *Krum*, the
court dismissed the plaintiff's breach of contract claim against Chubb Group and Chubb
INA Holdings.  2022 WL 1558885, at *4.  The court reasoned that the insurance
"policy's clear language" indicated that Chubb is merely a marketing name and not the
issuer of the insurance policy that was the basis for the insurance contract.  *Id*.  That
"clear language" that the court relied on in *Krum* can be found in documents that were
provided to Ms. Geiger.  Not only did Ms. Roberts's Insurance Identification Card say
"Great Northern Insurance Company," Docket No. 111-4 at 7, but her Colorado
Coverage Summary Renewal states that her policy was "Issued by Great Northern
Insurance Company."  *Id.* at 5.  As was the case in *Krum*, Ms. Roberts's insurance
documentation includes the following language: "Chubb is the marketing name used to
refer to subsidiaries of Chubb Limited providing insurance and related services. . . .
Insurance provided by U.S. based Chubb underwriting companies.  Coverage is subject
to the language of the policies as actually issued."  Docket No. 114-2 at 17, 25, 28.  Not
only did Ms. Geiger have all the information that the *Krum* plaintiff had, the Remaining
Chubb Parties and Great Northern notified Ms. Geiger of *Krum* itself.  Docket No. 111 at
6.  Accordingly, the Court finds that Ms. Geiger violated Rule 11(b)(3).

   **D.  Compliance with Fed. R. Civ. P. 11(c)**

Rule 11(c)(2) provides, in relevant part:

   A motion for sanctions must be made separately from any other motion and must
   describe the specific conduct that allegedly violates Rule 11(b).  The motion must

be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).  The Court finds that movants have complied with Rule 11(c)(2).  Movants filed the motion for sanctions at Docket No. 111.  The motion describes the specific conduct that allegedly violates Rule 11(b).  *See* Docket No. 111.  Movants served the motion for sanctions on plaintiff on April 17, 2024.  *Id.* at 2.  Movants did not file the motion for sanctions until May 10, 2024, *see generally id.*, at which point plaintiff had not withdrawn or corrected the amended complaint.  Therefore, plaintiff had 21 days to withdraw or correct the amended complaint and did not do so.

### E. <u>Parties to be Sanctioned</u>

Movants seek monetary sanctions –Great Northern's "costs of securing the dismissal" of the Remaining Chubb Parties – against "Plaintiff and her counsel."  *Id.* at 14.

Rule 11(c)(1) states:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).  "The Court may impose sanctions against plaintiff, plaintiff's counsel, or against both with joint and several liability."  *McNeal v. Zobrist*, 2007 WL 121156, at *3 (D. Kan. Jan. 11, 2007) (citing *White v. General Motors, Inc.,* 908 F.2d 675, 685-86 (10th Cir. 1990)).  However, "[m]onetary sanctions for violations of Rule 11(b)(2) cannot be imposed against a represented party."  *Goodwin v. Grisham*, 2023 WL 3569821, at *3 (D.N.M. May 19, 2023) (citing Fed. R. Civ. P. 11(c)(1), (5)(A)).

16

"[T]he sanctioning of a party requires specific findings that the party was aware of the wrongdoing." *McNeal*, 2007 WL 121156, at *3 (citation omitted).

The Court finds that sanctions against Ms. Geiger are unwarranted. There is no evidence that Ms. Geiger was aware of the wrongdoing of her counsel. *See id*. Specifically, there is no evidence that Ms. Geiger provided information to her counsel that would support counsel's belief that Ms. Roberts's insurer was an entity other than Great Northern. Furthermore, as discussed previously, the Court finds that Ms. Geiger violated Rule 11(b)(2) by filing an amended complaint that contains frivolous allegations against the Remaining Chubb Parties. However, the Court will not impose sanctions against Ms. Geiger for this conduct. Fed. R. Civ. P. 11(c)(1).

The Court will now address which of Ms. Geiger's counsel should be sanctioned. Two attorneys of Galperin and Associates, Rebecca Bilello and Jacob Galperin, entered appearances, Docket Nos. 8, 23, in this case and both names appear on the amended complaint. Docket No. 22 at 4. A "court's decision to impose Rule 11 sanctions 'obviously must comport with due process requirements.'" *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991) (quoting Advisory committee's notes, Fed. R. Civ. P. 11). A party facing sanctions has a right to "notice that such sanctions are being considered by the court and a subsequent opportunity to respond." *White v. Gen. Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990) (citation omitted). "The opportunity to fully brief the issue is sufficient to satisfy due process requirements." *Id.*

Movants do not specify which of Ms. Geiger's attorneys they seek sanctions against, simply stating that the Court should sanction "Plaintiff and her counsel pursuant to Rule 11." Docket No. 111 at 14. Although movants do not identify the specific

attorneys that they seek sanctions against, the Court finds that Ms. Bilello and Mr.

Galperin had proper notice that sanctions were being sought against them and had an

opportunity to respond to the motion for sanctions.

"Due process is a flexible concept, and the particular procedural protections vary,

depending upon all the circumstances." *Eisenberg*, 936 F.2d at 1134 (citation omitted).

Movants describe the conduct that allegedly violated Rule 11(b) and identified the

specific provisions of Rule 11(b) that apply to Ms. Geiger's counsel's conduct. *See*

Docket No. 111 at 8-13. In doing so, movants identified specific conversations with both

Ms. Bilello and Mr. Galperin, such that Ms. Bilello and Mr. Galperin were on notice that

movants were seeking sanctions based upon both attorneys' conduct. *Id.* Movants

further identified the "Amended Complaint," on which both Ms. Bilello's and Mr.

Galperin's names appear, as violating the principles of Rule 11. *Id*. at 10.

Moreover, movants separately notified Ms. Bilello and Mr. Galperin that they

would be seeking sanctions under Rule 11 for the refusal to dismiss the claims against

parties other than Great Northern. On July 6, 2023, in an email to Mr. Galperin, counsel

for movants stated:

> You are violating Rule 11 by continuing to pursue the Improper Defendants. Our
> client has thus far been forced to incur the time and expense of preparing the
> motion to dismiss the original complaint and the subsequent motion filed on
> behalf of the Improper Defendants to dismiss the amended complaint. We will be
> seeking sanctions for those efforts. If we are also required to review and analyze
> a response brief and prepare a reply, those costs will be added as well. We ask,
> once again, that you voluntarily dismiss the Improper Defendants and stop the
> continuing, unnecessary, and time consuming efforts that we are expending
> dealing with this ancillary issue.

Docket No. 111-8 at 1-2. Similarly, in an email to Ms. Bilello, counsel stated:

> I am not sure why you refuse to name only the correct entity, Great Northern
> Insurance Company, and you refuse to engage me in any discussion about it.

18

> We will be making express note of this in our motion for sanctions that will follow a motion to dismiss, especially as to each improperly named party.

Docket No. 111-7 at 1.

Furthermore, both Ms. Bilello's and Mr. Galperin's names appear on the response to movants' motion for sanctions, *see* Docket No. 119 at 2, indicating that both attorneys were aware that sanctions were being considered against them and had a full and fair opportunity to respond. *See White*, 908 F.2d at 686. The Court notes that, despite having this opportunity to respond, Ms. Bilello and Mr. Galperin did not respond to the specific allegations in movants' motion for sanctions and instead simply incorporated their response to the movants' motion to dismiss. *See* Docket No. 119 at 1. In doing so, they failed to raise any due process concerns that they had with movants' motion for sanctions.

This is not a case where, in seeking sanctions against "plaintiff's counsel," movants are implicating a large number of unidentifiable attorneys who could potentially be sanctioned without proper notice: only two attorneys entered appearances for plaintiff. *Cf. Nisus Corp. v. Perma-Chink Sys., Inc.,* 2007 WL 2317401, at *4 (E.D. Tenn. Aug. 9, 2007) (finding that a motion for sanctions, sought pursuant to the court's inherent powers, failed to comport with due process where movant stated that it sought sanctions against plaintiff's "counsel" without "specifically identifying which of plaintiff's many attorneys it is seeking to sanction," did not identify "the conduct it seeks to be sanctioned," and did not "sufficiently set forth the sanctioning authority being considered"). Therefore, the Court finds Ms. Bilello and Mr. Galperin were afforded due process and it is proper to sanction either attorney.

The Court finds it appropriate to sanction Ms. Bilello.  She signed the amended complaint, Docket No. 22 at 4, and in doing so, certified that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the amended complaint against the Remaining Chubb Parties was warranted by existing law and that the factual contentions in the complaint had evidentiary support.  Fed. R. Civ. P. 11(b).  Ms. Bilello signed the pleadings that defended the frivolous claims against the Remaining Chubb Parties.  Docket No. 22 at 4; Docket No. 114 at 7; Docket No. 119 at 2.  Furthermore, she communicated with the Remaining Chubb Parties and Great Northern, during which she was notified that the amended complaint against the Remaining Chubb Parties was not warranted by existing law and lacked evidentiary support.  *See, e.g.*, Docket No. 111-2 at 2-3; Docket No. 111-3 at 1; Docket No. 111-4 at 1, 3.

The Court also finds it appropriate to sanction Jacob Galperin.  Sanctions are proper where an attorney later advocates for a frivolous position presented in a pleading, even where he does not sign the complaint.  Fed. R. Civ. P. 11(b).  Mr. Galperin's name appears on the amended complaint as well as on pleadings that defended the frivolous claims against the Remaining Chubb Parties.  Docket No. 22 at 4; Docket No. 114 at 7; Docket No. 119 at 2.  Mr. Galperin was a recipient of many of the communications between Ms. Bilello and the Remaining Chubb Parties and Great Northern.  *See* Docket No. 111-3 at 1; Docket No. 111-4 at 1; Docket No. 111-5 at 1; Docket No. 111-6 at 1; Docket No. 111-7 at 1.  Mr. Galperin communicated with the Remaining Chubb Parties and Great Northern directly, after the filing of the amended complaint, in which he informed them that the settlement check including the name

20

"CHUBB" would be used to advance plaintiff's counsel's argument that Great Northern is not the only properly named defendant.  Docket No. 111-8 at 2.  In response to this email, the Remaining Chub Parties and Great Northern directed Mr. Galperin's attention to *Krum*.  *Id.* at 1-2.  Mr. Galperin therefore advocated for the positions presented in the amended complaint and sanctions against him are proper.  *Cf. King v. Whitmer*, 71 F.4th 511, 531 (6th Cir. 2023) (holding that an attorney whose "name appeared on the complaint," but she "did not file or sign it," could not be held culpable for sanctionable conduct where the district court "made no factual findings to suggest that [the attorney] was involved in drafting the complaint, the motion for preliminary injunction, or any other filing that defended plaintiffs' frivolous claims").

Accordingly, the Court finds it appropriate to impose sanctions against Ms. Bilello and Mr. Galperin as plaintiff's counsel.  "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."  Fed. R. Civ. P. 11(c)(1).  Because plaintiff's counsel has pointed to no exceptional circumstances that would warrant departure from Rule 11(c)(1), the Court finds that the law firm of Galperin and Associates is jointly responsible for the violation of Rule 11(b).  *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 465 (S.D.N.Y. 2023) (holding law firm jointly responsible for Rule 11(b) violation where the law firm did "not point[] to exceptional circumstances that warrant a departure from Rule 11(c)(1)").

Great Northern may file a motion for attorney's fees that identifies the fees and costs that it incurred seeking dismissal of the Remaining Chubb Parties.  Such fees and costs must be distinct from those already awarded by Judge Starnella in connection with Docket Nos. 75 and 78.

III.    **CONCLUSION**

Therefore, it is

**ORDERED** that Motion for Sanctions Regarding Non-Entity Defendants [Docket No. 111] is **GRANTED** pursuant to Fed. R. Civ. P. 11.  It is further

**ORDERED** that the defendant Great Northern Insurance Company may file a motion for attorney's fees that complies with D.C.COLO.L.CivR 54.3 on or before **April 4, 2025**.  Plaintiff Dawn Geiger may file a response on or before **April 18, 2025**.

DATED March 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge