IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-01080-PAB-KAS

DAWN GEIGER,

    Plaintiff,

v.

CHUBB GROUP,
CHUBB, and
GREAT NORTHERN INSURANCE GROUP d/b/a CHUBB,

    Defendants.

## ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) filed by the defendants Chubb Group, Chubb, and Great Northern Insurance Group d/b/a Chubb [Docket No. 104].[1] On May 17, 2024, plaintiff Dawn Geiger filed a response. Docket No. 114. On May 31, 2024, Chubb Group, Chubb, and Great Northern Insurance Group d/b/a Chubb filed a reply. Docket No. 117. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Chubb Group, Chubb, and Great Northern Insurance Group d/b/a Chubb argue that they are not legal entities that lack the capacity to be used under Fed. R. Civ. P. 17(b). Docket No. 104 at 1 n.1. They assert that Great Northern Insurance Company ("Great Northern") is the real party in interest. *Id.* The Court dismissed Ms. Geiger's claims against Great Northern in its February 27, 2024 Order. Docket No. 91 at 18. However, because of their uncertainty regarding the procedure for non-legal entities to file such a motion, "if procedurally necessary," they ask the Court to deem this motion filed on behalf of Great Northern. Docket No. 104 at 1 n.1.

I.   **BACKGROUND**

On December 8, 2018, Ms. Geiger was involved in a motor vehicle collision with another driver.  Docket No. 22 at 2, ¶ 14.  On April 7, 2023, Ms. Geiger filed this case against defendant Chubb Indemnity Insurance Company ("Chubb Indemnity"), the alleged insurer for the other driver, in the District Court for Denver County, Colorado.  Docket No. 5 at 2.  On April 28, 2023, Chubb Indemnity removed the case to this Court.  Docket No. 1.  On May 24, 2023, Ms. Geiger filed an amended complaint, adding the following defendants: Great Northern Insurance Company ("Great Northern"), Chubb Limited, Chubb Group, Chubb, Great Northern Insurance Group d/b/a Chubb ("Great Northern Insurance Group"), Federal Insurance Company ("FIC"), Chubb INA Holdings, Inc. ("Chubb INA Holdings"), and Chubb Group Holdings, Inc. ("Chubb Group Holdings").  Docket No. 22.  Ms. Geiger asserts one claim against defendants, pursuant to Colo. Rev. Stat. § 10-3-1117, *id*. at 3, ¶¶ 23-29, which allows a potential claimant in an automobile accident to obtain a copy of the insurance policy issued to the at-fault driver by making a statutory request to the at-fault driver's insurer.  Colo. Rev. Stat. § 10-3-1117(2)(a).  If the insurer fails to provide the policy within thirty days after receiving the request, then the claimant may recover statutory penalties against the insurer.  *Id.*  Ms. Geiger requests $82,000 in penalties, in addition to attorneys' fees and costs.  Docket No. 22 at 3, ¶ 29.

On February 27, 2024, the Court granted Great Northern's motion to dismiss the amended complaint.  Docket No. 91 at 18.  The Court granted in part and denied in part the motion to dismiss of Chubb Indemnity, FIC, Chubb INA Holdings, and Chubb Group Holdings (collectively, the "Other Chubb Entities").  *Id.*  The Court further ordered Ms.

2

Geiger to show cause why Chubb, Chubb Group, and Great Northern Insurance Group (collectively, the "Remaining Chubb Parties") should not be dismissed from this case pursuant to Fed. R. Civ. P. 4(m) for Ms. Geiger's failure to serve the Remaining Chubb Parties. *Id.* On March 19, 2024, Ms. Geiger filed proofs of service for the Remaining Chubb Parties.[2]  Docket Nos. 96, 97, 98, 100, 101.

## II. ANALYSIS

The Remaining Chubb Parties argue that Ms. Geiger's amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because (1) they were not properly served,[3] (2) the Remaining Chubb Parties do not have the capacity to be sued and are not the proper parties for suit; and (3) Ms. Geiger's claims against the Remaining Chubb Parties are barred under the statute of limitations. Docket No. 104 at 2. Ms. Geiger argues that she perfected service on the Remaining Chubb Parties as evidenced by the proofs of service that she filed. Docket No. 114 at 3, ¶ 4. Ms. Geiger argues that the Remaining Chubb Parties are proper defendants because they have registered agents that accept service on their behalf. *Id.* at 4, ¶ 8. Ms. Geiger contends that "various communications and documents" show that the Remaining Chubb Parties do "business as the entity, Chubb" and are underwriters of Chubb. *Id.* Ms. Geiger argues that the statute of limitations should be equitably tolled. *Id.* at 6, ¶ 11.

---

[2] Ms. Geiger filed a proof of service for Great Northern, Docket No. 99; however, Great Northern was dismissed pursuant to the Court's February 27, 2024 Order. Docket No. 91 at 18.

[3] The Remaining Chubb Parties have not waived their right to object to insufficient service of process because they raise the argument regarding insufficient service of process in the instant motion to dismiss. Fed. R. Civ. P. 12(h)(1); *see* Docket No. 104 at 3.

3

The Court will first address whether the Remaining Chubb Parties should be dismissed because they do not have the capacity to be sued under Fed. R. Civ. P. 17(b).  Pursuant to Rule 17(b), for an entity that is neither a corporation nor an individual, its capacity to be sued is controlled by Rule 17(b)(3).  Fed. R. Civ. P. 17(b).  Rule 17(b)(3) states:

> (b) Capacity to Sue or Be Sued.  Capacity to sue or be sued is determined as follows:
> . . .
>> (3) for all other parties, by the law of the state where the court is located, except that:
>>
>>> (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>>>
>>> (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Fed. R. Civ. P. 17(b)(3).

The Remaining Chubb Parties attach to their motion to dismiss the declaration of Brandon M. Peene, Managing Counsel, Global Corporate Affairs, for the Chubb Group of Insurance Companies, which he says is referred to interchangeably as "Chubb" and "Chubb Group."  Docket No. 104-1 at 1, ¶ 1.  Mr. Peene states that the "Chubb Group of Insurance Companies," "Chubb Group," and "Chubb" are not insurance companies or legal entities.  *Id.* at 2, ¶ 3.  Rather, Mr. Peene states that they are "marketing/branding names used to refer, collectively, to various separately organized and capitalized subsidiaries of Chubb Limited providing insurance and related services."  *Id.*  Mr. Peene states that "Great Northern Insurance Group d/b/a Chubb" is not a legal entity or marketing/branding name used by the "Chubb Group of Insurance Companies."  *Id.*,

4

¶ 4. Ms. Geiger has not called into question the accuracy of Mr. Peene's declaration in this regard. The Court therefore finds that Chubb, Chubb Group, and Great Northern Insurance Group are not legal entities.

Because the Remaining Chubb Parties are not legal entities, Colorado law controls whether they have the capacity to be sued pursuant to Rule 17(b)(3). Under Colorado law, "[a]ctions may be brought only by legal entities and against legal entities. There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced." *Barker v. Dist. Ct. In & For Larimer Cnty.,* 609 P.2d 628, 630 (Colo. 1980) (citation omitted). As the Remaining Chubb Parties note, nowhere in Ms. Geiger's attached exhibit, Docket No. 114-2, does Ms. Geiger show that the Remaining Chubb Parties are legal entities. Docket No. 117 at 8.

The Court rejects Ms. Geiger's argument that the Remaining Chubb Parties are entities with the capacity to be sued under Rule 17(b) because "Defendants have registered agents that accepted service on their behalf." Docket No. 114 at 4, ¶ 8. Ms. Geiger purports to have served the Remaining Chubb Parties through their registered agents, Corporation Service Company and CT Corporation System. Docket No. 114 at 2-3, ¶ 2 (citing Docket Nos. 95-101). The Remaining Chubb Parties attach to their motion to dismiss the declaration of Alicia DeBonis, Project Manager for Corporation Service Company. Docket No. 104-3. Ms. DeBonis states that Corporation Service Company "is not the registered agent in Colorado for any company called 'Chubb' or 'Chubb Group.'" *Id.* at 2, ¶ 5. The Remaining Chubb Parties also attach the declaration of Alexandre C. Halow, Representation Services Advisor for CT Corporation System. Docket No. 104-2. Alexandre Halow states that CT Corporation System is not "the

5

registered agent in Colorado for any entities called 'Chubb INA Holdings Inc.,' 'Chubb Group Holdings Inc.,' 'Chubb,' 'Chubb Group,' 'Great Northern Insurance Group d/b/a Chubb,' or 'Chubb Limited.'" *Id.* at 2, ¶ 6. Ms. Geiger has not called into question the truthfulness of either declaration. The Court finds that Corporation Service Company and CT Corporation System are not the registered agents for the Remaining Chubb Parties. As a result, Ms. Geiger's argument that the Remaining Chubb Parties have registered agents that accepted service on their behalf is incorrect.

Accordingly, the Court finds that Remaining Chubb Parties do not have the capacity to be sued under Rule 17(b). The Court will dismiss Ms. Geiger's claims against the Remaining Chubb Parties with prejudice.

### III. CONCLUSION

Therefore, it is

**ORDERED** that Motion to Dismiss "Chubb Group," "Chubb," and "Great Northern Insurance Group d/b/a Chubb" [Docket No. 104] is **GRANTED**. It is further

**ORDERED** that plaintiff Dawn Geiger's claims against Chubb Group, Chubb, and Great Northern Insurance Group d/b/a Chubb are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED March 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge